23147. MAYOR &c. OF MILLEDGEVILLE v. GREEN.

ARGUED OCTOBER 11, 1965—DECIDED OCTOBER 19, 1965— REHEARING DENIED NOVEMBER 4, 1965.

G. L. *Dickens, Jr., Frank W. Armstrong, III,* for plaintiff in error.

*Robert H. Herndon, Milton F. Gardner,* contra.

*L. Clifford Adams, Jr.,* for party at interest not party to record.

DUCKWORTH, Chief Justice. It is error to construe section 24 of the charter of the City of Milledgeville (Ga. L. 1900, pp. 345, 351) as providing the only source of revenue from which the city can obtain funds for any purpose, and we think herein lies the error of the Court of Appeals. That section in part says: "that for the purpose of raising revenues to defray the ordinary, current expenses incident to the proper support and maintenance of the city government, the said mayor and aldermen shall have full power and authority to levy and collect an *ad valorem* tax upon all property, both real and personal, in the corporate limits of said city." The maximum is there fixed at one-half of one percent, but it is thereafter provided that if this is insufficient they shall have power to levy an additional tax. This is solely conferring the power to levy and collect an ad valorem tax. It does not expressly nor by implication forbid the collection of any other tax or assessment. Then section 21 of the charter authorizes the city to "take all necessary and proper means for keeping the corporate limits of said city free from garbage, trash and filth of all kinds." It is under this section that the ordinance, which provides for the city to remove garbage, trash and filth and charge the property owners, occupants, tenants and lessees stipulated fees therefor, and which is under attack here, was drawn. Beyond question, the ordinance other than the

part that provides for the collection of fees is valid and authorized by the charter.

This reduces the case to the single question for decision, which is the charter authority of the city to collect the fees provided by the ordinance. What does the charter mean by authorizing the city to "take all necessary and proper means" for this purpose? Undoubtedly the city could require each person to remove all such at his expense and make his failure a crime for which penalties could be imposed. Or, as the Court of Appeals said, it could provide that the residents may have it removed by the city upon paying a fee therefor. That court finds, and we think erroneously, that the city could not require the residents to involuntarily accept the city's removals and pay a fee therefor. There is no difference in substance in compelling the individual under penalty to remove it or pay the city a fee for removing it. To say such payment is voluntary is to ignore the compulsion of the penalty as the alternative. Capable counsel have cited numerous cases that attempt to draw a distinction between a "tax" and a "fee." We think it futile to engage in extended discussion of that distinction. Here we have a city chartered to govern and invested with power to do so. The decision of courts must be whether they will deprive the city government of the power to provide the means and methods of carrying out its charter duties by limiting it to one source of revenue expressly given when the fees charged so far as the record discloses are no more than the cost to the city to remove the garbage and trash. Courts have no such authority.

While this court held in *Gunby v. Yates*, 214 Ga. 17 (102 SE2d 548), that ordinaries could not collect a $1 charge to be used in administering a pension fund because it was not in payment for services of the ordinaries in the cases where it was charged, and hence it was a tax, the Court of Appeals in *Schaffer v. Oxford*, 102 Ga. App. 710 (117 SE2d 637), upheld an executive order imposing charges for storing liquor, inspection fees, etc. The validity of the order rested upon the fact of services to the payer of the fees for which they were charged. This court has held in *Gardner v. City of Brunswick*, 197 Ga. 167 (28 SE2d 135), and *Ashley v. City of Greensboro*, 206 Ga.

800 (58 SE2d 815), that parking meter ordinances do not impose a tax unless the charge substantially exceeds the cost of installation, maintenance and regulation. The operation of parking meters is a governmental function. *Stubbs v. City of Macon*, 78 Ga. App. 237 (50 SE2d 866). Therefore, the present ordinance charging only for the services of removing and disposing of garbage and trash—and it does not appear that the charge exceeds the cost of collecting, removing and disposing of the trash and garbage—is merely imposing a fee for special services, and is valid. See *Steele v. City of Waycross*, 190 Ga. 816 (10 SE2d 867) ; 37 Am. Jur. 946, § 299. Since we hold that the charter gave the city authority to adopt this ordinance, the rule that a municipal corporation is confined to the power conferred has no application. Power to take "all necessary and proper means" is conferred by section 21 of the charter. To exact payment from those receiving this service and require that such garbage and trash be removed by the city is taking "necessary and proper means" to accomplish the purpose. The trial court did not err in sustaining the demurrer to the affidavit of illegality, and the Court of Appeals erred in reversing that judgment.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*