38244. WARREN et al. v. CITY OF MARIETTA.

WELTNER, Justice.

The trial court enjoined Warren, a Cobb County school bus driver, from parking a school bus in her driveway overnight in violation of a City of Marietta zoning ordinance.

Upon hiring Warren as a bus driver in March 1980, the Cobb County School Board informed her that drivers are encouraged, though not required, to park buses at their residence for security and economic reasons. Warren testified that prior to accepting employment, she contacted the Marietta Zoning and Planning Commission and was told that there were no restrictions on parking school buses at residences in Marietta.

The ordinance in effect when Warren was hired provided:

"Art. VIII (E) (8) (f). *The Parking of Business Vehicles.* In any R

or RM District the parking of business vehicles other than ordinary passenger automobiles shall be within a garage or carport or within a side or rear yard except for official government vehicles. The parking of any business vehicle other than a pick-up or panel truck used to provide daily transportation to and from work and any vehicle with the carrying capacity of more than one and one half (1 1/2) tons is prohibited in any residential district."

A city councilman testified that after complaints from Warren's neighbors, the zoning ordinance was amended March 11, 1981, with an effective date of 30 days, to provide:

"Art. VIII (E) (8) (f). *Parking of Business Vehicles.* In any R or RM district no business vehicles shall be allowed to park either on the property so zoned or on the streets abutting such property except as provided herein. Business vehicles under 8000 lbs. gross volume weight shall be allowed parked in a carport or within a side or rear yard of property zoned R or RM. Provided, however, business vehicles exceeding 8000 lbs. gross weight shall be allowed parked in a carport or within a side or rear yard of property zoned R or RM during daylight hours, but not overnight or on Saturdays or Sundays. Daylight hours shall mean 30 minutes after dawn to 30 minutes after sunset."

In August 1981, the City of Marietta petitioned the superior court to restrain Warren from parking the bus in violation of the amended ordinance, and Warren counterclaimed for injunction and damages. She testified that although she would not be fired, compliance with the City's demand would cause her to resign because she fears for her safety in the school bus parking lot.

(1) Warren alleges that the school bus is not a "business vehicle" under the ordinance, but is a government vehicle owned by the county school board.

The original 1974 ordinance regulated the "parking of business vehicles . . . except for official governmental vehicles." Thus, it classified governmental vehicles as a type of business vehicles for the purposes of this ordinance. The amended ordinance eliminates the exception for governmental vehicles, and distinguished only between personal and business vehicles, with the latter category apparently encompassing certain vehicles driven for hire, whether or not the employer is a private enterprise or a government agency. Therefore, school buses are properly included as business vehicles under the ordinance.

(2) Warren contends that the ordinance is an abuse of police power, and an unconstitutional taking of property.

We have upheld the constitutionality of zoning ordinances based solely ". . . on the advancement of the city's aesthetic interests.

This justification is reasonable and proper. Metromedia, Inc. v. San Diego, 449 U. S. 897 (101 SC 2882, 69 LE2d 800, 816, 817) (1981); *H & H Operations, Inc. v. Peachtree City,* 248 Ga. 500, 501 (283 SE2d 867) (1981)." *Gouge v. City of Snellville,* 249 Ga. 91, 92 (1982).

In *Smyrna v. Parks,* 240 Ga. 699, 705 (242 SE2d 73) (1978), we held: "As was pointed out in Gorieb v. Fox, 274 U. S. 603 [47 SC 675, 71 LE 1228] [1927], the city council, which deals with situations from a practical standpoint, is better qualified than the courts to determine the necessity, character and degree of regulation required by changing local conditions, hence their conclusions must be *clearly* arbitrary and unreasonable in order to be set aside on constitutional grounds."

All zoning ordinances, including ones based on aesthetics, are presumptively valid. The burden is on the property owner to overcome this presumption by clear and convincing evidence that the damage to the owner is significant and not justified by the benefit to the public. *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322, 323 (232 SE2d 830) (1977); *Barrett v. Hamby,* 235 Ga. 262, 266 (219 SE2d 399) (1975).

Warren has failed to show that the ordinance inflicts serious damage upon her. She will not be fired or forced to resign; rather, parking a large yellow school bus in her driveway is a matter of personal preference only. "The added expense and inconvenience is not enough upon which to declare the ordinance unconstitutional as an arbitrary and unreasonable exercise of police power." *Gouge v. City of Snellville,* supra at 93.

(3) The ordinance does not discriminate against Warren merely because the complaints of her neighbors may have been the genesis of the amended ordinance. She has not been "singled out," as the ordinance is applicable to all drivers of large business vehicles. In *Cobb County v. Peavy,* 248 Ga. 870 (286 SE2d 732) (1982), p. 874, we held: "Furthermore, the fact that some zoning officials may have been aware that the existing ordinance could be amended and that appellee could not meet the requirements of a stricter ordinance does not mean that she has been 'singled out' by the zoning authorities." A governmental body is in no wise required to suffer an evil to grow to crisis proportions before taking remedial action. The evidence supports the finding of the trial court that the ordinance was not enforced in a discriminatory manner.

*Judgment affirmed. All the Justices concur, except Jordan, C. J., and Marshall, J., who concur in the judgment only, and Smith, J., who dissents.*

DECIDED MARCH 10, 1982 — REHEARING DENIED MARCH 23, 1982.

*Ted B. Herbert,* for appellants.
*Barnes & Browning, Roy Barnes, Thomas J. Casurella,* for appellee.