43193. HARTRAMPF v. GEORGIA REAL ESTATE
COMMISSION.
43229. ALEXANDER v. GEORGIA REAL ESTATE
COMMISSION et al.
(343 SE2d 485)

WELTNER, Justice.

Potential buyers signed a contract to purchase a house, which was listed with agent Alexander. The buyers had their own real estate agent, who would share the commission upon the sale with Alexander. The contract allowed buyers to find an acceptable rate of interest on an assumable mortgage. Some two months before the closing date, Alexander received a second purchase offer for the house, upon which she would be paid the full commission. Hartrampf, Alexander's broker, then imposed on the initial buyers a ten-hour deadline that they must agree to a particular rate of interest. When they refused to agree to this rate, Alexander told the seller that the initial contract could be vitiated, and the seller then accepted the second offer (the one upon which Alexander would earn the full commission).

The Georgia Real Estate Commission suspended the licenses of Hartrampf and Alexander for 120 days, and imposed upon them a continuing education requirement. They were charged with violating two of the provisions of OCGA § 43-40-25 (a): provision (13) "Inducing any party to a contract of sale or lease to break such contract for the purpose of substituting in lieu thereof a new contract with another principal"; and provision (25) "Having demonstrated unworthiness or incompetency to act as a real estate broker or salesman in such manner as to safeguard the interest of the public or any other conduct whether of the same or a different character than heretofore specified which constitutes dishonest dealing."

We granted a discretionary appeal.

1. Hartrampf and Alexander contend that OCGA § 43-40-25 (a) (25) is unconstitutional because the term "unworthiness" is vague and indefinite, in that it fails to give to a person of ordinary intelligence fair notice of proscribed conduct. We agree. A civil statute must provide fair notice to those to whom it is directed, and its provisions must enable them to determine legislative intent. *Bryan v. Ga. Public Service Comm.*, 238 Ga. 572, 574 (234 SE2d 784) (1977). " 'It is a general principle of statutory law that a statute must be definite and certain in its provisions to be valid, and when it is so vague and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application, it violates the first essential

of due process of law.' " *McCord v. State*, 248 Ga. 765, 766 (285 SE2d 724) (1982). "Worth" is defined as "the quality that makes one deserving of esteem"; "worthy" as "deserving of respect or honor; meritorious"; "unworthy" as "lacking worth or merit." Funk and Wagnalls Standard Dictionary (1980). We hold that the term "unworthiness" is too subjective to advise as to those acts which are permitted, and those acts which are prohibited. Accordingly, that portion of the statute is void for vagueness.

2. The sanctions imposed were based upon the hearing officer's conclusion that the behavior of Alexander and Hartrampf "demonstrates unworthiness *and* incompetency to act as a real estate broker and a real estate salesperson in such a manner as to safeguard the interest of the public." (Emphasis supplied.) In light of our holding in Division 1, we remand the case to the Commission in order that it may consider appropriate sanctions for violations *only* of OCGA § 43-40-25 (a) (13) and of the incompetency aspect of OCGA § 43-40-25 (a) (25).

3. OCGA § 43-40-18 (b), which limits the responsibility of a broker for his agent's statutory violations, is inapplicable to Hartrampf, as the record establishes that he was disciplined for his *own* acts, and not for those of his agent. Thus we need not reach the issue as to whether the statute should be applied retroactively.

4. The record contains sufficient evidence to support the Commission's findings of fact and conclusions of law. *Lasseter v. Ga. Public Service Comm.*, 253 Ga. 227 (319 SE2d 824) (1984).

5. The remaining enumerations establish no error.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MAY 29, 1986.

*Sumner & Hewes, Willam E. Sumner, Nancy Becker Hewes, Stephen J. Anderson,* for appellant (case no. 43193).
*John C. Walden,* for appellant (case no. 43229).
*Michael J. Bowers, Attorney General, Mark H. Cohen, Assistant Attorney General,* for appellees.
*Quinton S. King, Edward C. Stone,* amici curiae.