44318. ILLUSIONS ON PEACHTREE STREET, INC.
v. YOUNG et al.
(356 SE2d 510)

CLARKE, Presiding Justice.

Appellants appeal from an order of the Fulton County Superior Court denying their petition for mandamus. The action arose when Mayor Andrew Young denied appellants' application for a transfer of a liquor license from a location which their business had occupied for several years to another location. Mayor Young denied the application on the grounds that the entertainment provided by appellants, which includes female impersonation, was adult entertainment under § 16-29.001(e) of the Atlanta Code of Ordinances, and would be a prohibited use. As a second ground for his decision he cited § 14-2002 of the Atlanta Code of Ordinances, which sets forth the general purpose of Chapter 2 of the Atlanta Code of Ordinances dealing with alcoholic beverages. This section indicates that the chapter is part of a plan to promote the health and general welfare of the community and lists specific factors which serve as a guide to the implementation of the ordinance. The mayor, considering the factors set out in § 14-2002, found that the licensing would have a detrimental effect on the surrounding neighborhood because of the close proximity of a school, because of traffic conditions, and because of the residential character of the neighborhood. The trial court denied the petition for mandamus, finding that appellants had no clear legal right to relief. We affirm.

1. Appellants insist that they are entitled to mandamus because they met all of the requirements for a license. They claim that § 14-2002 is unconstitutionally vague and unenforceable. Further, they argue that the section is merely a preamble to succeeding sections and does not have the force of law, citing *Bentley v. State Board of Medical Examiners,* 152 Ga. 836 (111 SE 379) (1921); *Eastman v.*

*McAlpin*, 1 Ga. 157 (1846); *Chambers Lumber Co. v. Martin*, 112 Ga. App. 826 (146 SE2d 529 (1965). We find that the section in question is not a caption and not a mere preamble so as to fall within the holdings of these cases that ". . . the preamble or caption of a legislative Act is no part thereof and may be resorted to for the purpose of ascertaining legislative intent only where the body of the Act itself is ambiguous or obscure." *Chambers Lumber Co. v Martin*, supra at 826. The section here is not merely a statement of purpose containing general language. Rather, it contains specific factors to be considered in effectuating the broad purpose of promoting the general health and welfare of the community. Similarly, because of this specificity, appellants' contention that the section is void for vagueness is without merit.

2. After the Bureau of Police Services found that appellants had met requirements for the transfer, the License Review Board of the City of Atlanta after a hearing unanimously recommended approval of the transfer. Appellants contend that the mayor had no power to overrule the decision of the license review board. Section 14-2049 of the code of ordinances provides that no liquor license shall be issued until it is approved by the mayor. If the issuance of a license depends upon the approval of the mayor, the clear inference is that the mayor may exercise judgment. Under the facts of this case we find no distinction between an application to transfer the location of a licensed establishment and an application for a new license. Because of the applicability of § 14-2049, we need not reach the question of whether § 14-2083 as it existed at the time of the application was applicable as asserted by appellees.

Appellants claim that, assuming the mayor had discretion to deny their application, the absence of any checks on his absolute discretion violated due process. Appellants rely upon our recent decision in *Arras v. Herrin*, 255 Ga. 11 (334 SE2d 677) (1985) to support their position. Section 14-2049 of the Code of Ordinances provides that no liquor license shall be issued until it is approved by the mayor. However, the mayor's discretion is not unbridled. The specific factors which are enumerated in § 14-2002 indicate the guidelines for the mayor's decision and provide notice to the public as to the general standards for issuance of a license. We agree with the trial court that *Arras v. Herrin* is not applicable to the present case because in that case the absolute discretion of the Camden County Board of Commissioners to determine whether an applicant for a beer and wine license was a fit and proper person and whether the location was appropriate constituted a denial of due process. Here there are ascertainable standards which prevent the mayor's discretion from being absolute. The present case is more closely analogous to the situation in *Levendis v. Cobb County*, 242 Ga. 592 (250 SE2d 460) (1978). In *Levendis*, we

found that there was no denial of due process in the exercise of discretion by the local governing body because that discretion was controlled by ascertainable objective standards. Here the standards set forth in § 14-2002 provide objective guidelines which control the absolute discretion of the mayor. See also *Hagan v. Faircloth,* 532 F Supp. 187 (M.D. Ga., 1981).

3. Appellants insist that the mayor's use of § 16-29.001 (3) (e) of the Code of City Ordinances as a basis for denial of the transfer violated their First Amendment Rights and constituted a denial of equal protection. Further, appellants contend that this section, which defines adult entertainment, is constitutionally defective in that it is vague and overbroad. Finally, they complain that the mayor applied the section erroneously to the entertainment conducted at their old location. The section is clear on its face and is neither vague nor overbroad. The mayor did not deprive appellants of due process or chill their right to expression as claimed by basing his decision on the transfer of the license to a new location upon testimony as to the entertainment offered at the old location. Local governing bodies have broad power under the Twenty-First Amendment to regulate the time, place and manner of the sale of liquor. *California v. LaRue,* 409 U. S. 109 (93 SC 390, 34 LE2d 342) (1972). The city has not denied appellants their right to express themselves through the entertainment which they choose to present. Appellants have simply been denied the right to a liquor license for a specific location where they intend to present female impersonation. Appellants failed to present evidence of a denial of equal protection in that they failed to show that others similarly situated were treated differently. Specifically, they failed to show that the female impersonation clubs which have received licenses in similar areas engage in the activity which the mayor found constituted adult entertainment under § 16-29.001(3) (e), touching between entertainers and patrons for which the patron is directly or indirectly charged a fee.

Appellants complain of the mayor's finding that their entertainment constitutes adult entertainment. Witnesses testified at the license hearing that there was touching between entertainers and patrons at appellants' old location. There was, thus, sufficient evidence for the mayor to conclude that the contact between patrons and performers which constitutes adult entertainment under the code of ordinances would continue at the new location.

We affirm the trial court's conclusion that since appellants do not have a clear legal entitlement to the remedy sought, mandamus will not lie.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 1987.

*Barry A. Karp, Harold Karp*, for appellant.
*Nina M. Radakovich, Marva Jones Brooks, Robin Schurr Phillips*, for appellees.