44399, 44400. CITY OF ATLANTA BOARD OF ZONING ADJUSTMENT et al. v. MIDTOWN NORTH, LTD. et al.
(two cases).
(360 SE2d 569)

WELTNER, Justice.

Midtown North, Ltd. constructed an eleven-story office building along with a five-story rear parking deck on commercial property that it purchased in 1984. In 1985 Midtown submitted to the Atlanta Bureau of Buildings a site plan providing for vehicular access onto the public road in front of its property by means of two "curb cuts." When the building was nearing completion, Midtown began to pave a driveway that would connect the parking deck to an alley abutting its property in the rear. A city inspector ordered that the construction be halted. Midtown then requested a building permit to revise the site plan to allow vehicular access to the alley. The permit was denied and

Midtown appealed the decision to the Board of Zoning Adjustment.

The Board affirmed the denial of a permit, finding that the alley was within a residential district and that a zoning ordinance enacted in 1982 prohibited commercial vehicular access within 20 feet of abutting residential districts.

Midtown appealed to the superior court, which reversed the decision of the Board. We granted the Board's application for discretionary appeal.[1]

1. The trial court concluded that the Board construed the ordinance correctly, but that the ordinance was unconstitutionally vague and indefinite when construed with other ordinances.

The following city ordinances become material to this issue:

(a) Sec. 16-14.006 (3) (b), which applies to transitional uses and requirements of rear yards for property zoned C-4 commercial (as Midtown's property was zoned): "There shall be a rear yard of 20 feet adjacent to an R district that shall not be used for parking or paving or for the purpose of parking, loading or servicing."

(b) Sec. 16-14.006 (3) (c): "Where a lot in this district abuts a lot in a [residential] district on the rear of side yard lot line without an intervening street, opaque fencing or screening not less than six (6) feet in height shall be provided and maintained in sightly condition."

(c) Sec. 16-29.001 (21) (a): "*Street:* A public right-of-way providing principal access to abutting property. . . ."; and (b): "*Alley:* A vehicular way providing secondary access to the side or rear of abutting property. . . ."

Construing these ordinances *en gross*, it is without question that Midtown's commercial property abuts a lot in a residential district "without an intervening street." It is equally without question that the requirements of the ordinances (that a rear yard of 20 feet not be used "for the purpose of parking, loading or servicing," and that screening or fencing be provided) are incompatible with Midtown's intent to introduce hundreds of automobiles daily to a commercial establishment by means of the alley — whether access be paved or unpaved.

We hold that ordinance § 16-14.003 (3) (b) is not void for vague-

---

[1] The Board seeks a determination whether this appeal from an administrative agency decision (which requires an application under OCGA § 5-6-35 (a) (1)) may be filed as a matter of right when the constitutionality of an ordinance is drawn into question. The Board asserts that the "exclusive appellate jurisdiction" conferred upon this court by Art. VI, Sec. VI, Par. II of the Constitution of Georgia of 1983 establishes a right to a direct appeal.

We do not agree. The constitutional provisions govern which appellate court has jurisdiction of a matter subject to appeal. The applicable statutes determine the method of pursuing the appeal. As this case is an "appeal from the decision of the superior court reviewing a decision of a local administrative agency," it comes within the scope of OCGA § 5-6-35 (a) (1), which requires application for review.

ness under the standard of *Broadrick v. Oklahoma*, 413 U. S. 601 (93 SC 2908, 37 LE2d 830) (1973). See *Hartrampf v. Ga. Real Estate Comm.*, 256 Ga. 45 (1) (343 SE2d 485) (1986); *Illusions on Peachtree Street, Inc. v. Young*, 257 Ga. 142 (356 SE2d 510) (1987).

2. The trial court concluded that the enforcement of the ordinance was an abuse of the police power, and constituted a taking of property.

All zoning enactments place limitations on property. They are, however, presumptively valid, and the burden is on the property owner to overcome this presumption by clear and convincing evidence that the damage to the owner is significant, and is not justified by the benefit to the public. See *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469 (349 SE2d 707) (1986). A limitation on a landowner's use of his property does not rise to the level of a constitutional deprivation when that limitation is the result of the proper exercise of the police power. *Gradous*, supra.[2] If the ordinance is valid, then its enforcement could not constitute a taking.

(a) The Board found that the ordinance prohibiting commercial access within specified proximity to a residential district was enacted for the purpose of creating transitional space between residential and commercial districts and also to control traffic in residential neighborhoods. "The superior court is bound by the facts presented to the local governing body." *Dougherty County v. Webb*, 256 Ga. 474, 477, n.3 (350 SE2d 457) (1986).

(b) Midtown has failed to show that the ordinance inflicts serious damage. Its claim of damage is the inconvenience caused by traffic required to enter and exit by means of a main thoroughfare. However, Midtown made a "business decision" to request access only from the main thoroughfare. It cannot now be heard to complain that it is damaged by a lack of a secondary means of access — which was never indicated on its site plan, and which it did not seek until its attempt to pave the driveway was stopped.[3] "The added expense and inconve-

---

[2] Midtown cites two recent United States Supreme Court decisions concerning land use regulation. *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, ___ U. S. ___ (___ SC ___ , ___ LE2d ___) (55 USLW. 4781, June 9, 1987), provides for an immediate remedy for a total taking of property. *Nollan v. California Coastal Comm.*, ___ U. S. ___ (___ SC ___ , ___ LE2d ___) (55 USLW 5145, June 26, 1987), holds that conditional zoning will not be upheld unless there is a sufficient connection between the condition and a valid land-use regulation. "[I]f the Commission attached to the permit some condition that would have protected the public's [legitimate interest] . . . so long as the Commission could have exercised its police power (as we have assumed it could) to forbid construction of the house altogether, imposition of the condition would also be constitutional." Id. at 5147. Neither case addresses controlling issues of this case.

[3] In an affidavit prepared for the appeal before the Board, a representative of Midtown stated: "I did agree, because of the neighbors' objections, to withdraw a zoning application we had filed on May 14, 1984, requesting a rezoning of a residential tract of property located at

nience is not enough upon which to declare the ordinance unconstitutional as an arbitrary and unreasonable exercise of the police power." *Gouge v. City of Snellville*, 249 Ga. 91, 93 (287 SE2d 539) (1982).

Inasmuch as the Board construed the ordinance correctly, and the ordinance itself was valid, its enforcement was a proper exercise of the police power. See *Corey Outdoor Advertising v. Bd. of Zoning Adjustment of Atlanta*, 254 Ga. 221, 227 (327 SE2d 178) (1985).

3. Nor does the Board's action discriminate against Midtown because Midtown's commercial neighbors enjoy access to the alley (in contravention to the zoning ordinance) as a nonconforming use. When Midtown destroyed voluntarily the structure on its property and constructed a larger one (*after* the enactment of the ordinance), it lost its rights of access to the alley that it formerly enjoyed by virtue of a prior nonconforming use. City of Atlanta Zoning Ordinance § 16-24.005 (1), (6), and (b) (i). Accord McQuillin, The Law of Municipal Corporations, § 25.180 (3d ed.), "[Provisions allowing nonconforming uses to be continued] are not unconstitutional or void as discriminatory between those who enjoy existing nonconforming buildings and uses and those who are prohibited from erecting such buildings or commencing such uses in the future." See *Warren v. City of Marietta*, 249 Ga. 205, 207 (3) (288 SE2d 562) (1982).

4. As this was an appeal from an administrative decision, " 'the only review authorized is that inherent in the power of the judiciary: Whether the agency acted beyond the discretionary powers conferred upon it, abused its discretion, or acted arbitrarily or capriciously with regard to an individual's constitutional rights.' " [Cits.] *Bd. of Zoning Adjustment of Atlanta v. Fulton Federal Savings &c. Assn.*, 177 Ga. App. 219, 221 (1) (338 SE2d 730) (1985). Having reviewed the Board's action in accordance with this standard, we find that the Board's decision was not invalid.

*Judgment reversed. All the Justices concur, except Marshall, C. J., Smith and Gregory, JJ., who dissent.*

GREGORY, Justice, dissenting.

The effect of the majority opinion is to deny this commercial landowner access to the alley. But I do not believe that was the legislative intent behind the various ordinances involved.

---

250 Peachtree Circle and to abandon our plan to construct an improved driveway to our property through such tract with access on Peachtree Circle. . . . The fact that we decided to submit the building plans without showing a means of ingress and egress to the alley was a business decision made by me at a time when we were engaged in negotiations with a major tenant for the building to be constructed on the subject property and the Georgia Department of Transportation regarding the ingress and egress to the subject property from Peachtree Street. At that time, we wanted to maximize access to the subject property from Peachtree Street and did not want to emphasize the alley as a means of ingress and egress."

The apparent purpose of the 20-foot requirement contained in the buffer provision was to provide a buffer of limited use between commercial and residential property. Where commercial property joins residential property the commercial property owner is required to devote the last 20 feet of the lot next to the residential property as a buffer. Where there is an alley half its width may be counted in the buffer. Nothing in the buffer provision prevents access to the alley. The commercial landowner could simply make an unpaved driveway across the buffer and have access. The driveway would not violate the requirement that the buffer "not be used for the purpose of parking or paving or for the purpose of parking, loading or servicing. . . ." But an unpaved driveway would violate a different provision. It is found in § 16-28.014 (1) of the City of Atlanta's Zoning Ordinance and requires driveways to be paved. I would construe the provisions of the ordinance together to mean that an exception to the prohibition against paving in a buffer zone is that created by the requirement that a driveway be paved.

If the intention of the City Council had been to deny access to alleys from commercial lots that would be simple enough to express. "There shall be no access from any commercial lot to any alley." It is most unlikely the intention behind the provisions we face was to deny access.

I am authorized to state that Chief Justice Marshall and Justice Smith join in this dissent.

DECIDED SEPTEMBER 24, 1987 —
RECONSIDERATION DENIED OCTOBER 21, 1987.

*Marva Jones Brooks, Robert L. Zoeckler, David D. Blum,* for appellants.

*George B. Haley, Jr., Melody Wilder,* for appellees.