## 44959. COLLINS v. WOODHAM et al.
(362 SE2d 61)

WELTNER, Justice.

Woodham, who had inquired as to the cost of a marriage license, brought an action against the state revenue commissioner challenging the constitutionality of the Child Abuse and Neglect Prevention Act, Ga. L. 1987, Vol. I, Book 2, p. 1133 et seq. A portion of that Act increases substantially the marriage license fee.

The trial court held that the Act was unconstitutional on each of Woodham's three grounds. The revenue commissioner appealed.

1. Woodham contends that the Act violates Art. III, Sec. V, Par. II of the Constitution of Georgia of 1983, which provides: "All bills for raising revenue, or appropriating money, shall originate in the House of Representatives."

(a) The Act in issue was signed by the President of the Senate and the Speaker of the House, approved by the Governor, and deposited with the Secretary of State — achieving thereby the status of an "enrolled act."

(b) "A duly enrolled act, properly authenticated by the regular presiding officers of both houses of the General Assembly, approved by the Governor, and deposited with the Secretary of State as an existing law, will be conclusively presumed to have been enacted in accordance with constitutional requirements. . . ." *Atlantic Coast Line R. Co. v. State,* 135 Ga. 545 (1) (69 SE 725) (1910). Accord *Capitol Distributing Co. v. Redwine,* 206 Ga. 477 (57 SE2d 578) (1950).

The Act is not unconstitutional on the first ground.

2. Woodham insists that the fee increment contained in the Act violates Art. III, Sec. IX, Par. VI (a) of the Constitution of Georgia of 1983: "Except as hereinafter provided, the appropriation for each department, officer, bureau, board, commission, agency, or institution for which appropriation is made shall be for a specific sum of money; and no appropriation shall allocate to any object the proceeds of any particular tax or fund or a part or percentage thereof."

(a) The questioned statutory provision is as follows: "An amount equal to all funds paid into the general treasury pursuant to Code Sections 15-6-77.4 and 15-9-60.1 in the immediately preceding year shall be appropriated to the State Children's Trust Fund to implement and carry out the provisions of this chapter. This subsection shall be subject to the normal appropriation process." Ga. L. 1987, supra at p. 1139, codified at OCGA § 19-14-21 (b).

(b) We agree with Woodham that the earlier sentence of this segment violates the constitutional proscription against "earmarked" taxes.

(c) Even so, the Act need not be held invalid for this constitutional deficiency. OCGA § 1-1-3 provides: "Except as otherwise specifically provided . . . in the event any . . . sentence . . . of any Act . . . is declared or adjudged to be invalid or unconstitutional, such declaration or adjudication shall not affect the remaining portions of . . . such Act . . . which shall remain of full force and effect as if such portion so declared or adjudged invalid or unconstitutional were not originally a part of . . . such Act . . . ."

(d) Under the authority of this Code section, we need merely strike the offending sentence, and thus give full effect to the sentence that succeeds it, so that the sums received pursuant to the tax here imposed will be "subject to the normal appropriation process."

Hence, the offending sentence is declared invalid. The Act is not unconstitutional on the second ground.

3. Woodham contends also that the Act violates Art. III, Sec. V, Par. III, which provides: "No bill shall pass which refers to more than one subject matter or contains matter different from what is expressed in the title thereof."

(a) "An examination of the cases of this court over the last century reveals that the principles now found in Art. III, Sec. V, Par. III of the 1983 Georgia Constitution have been interpreted and applied to give broad legislative discretion within the constitutional limits." *American Booksellers Assn. v. Webb*, 254 Ga. 399, 400 (1) (329 SE2d 495) (1985).

(b) The purpose of the Act is stated: "The purpose of this Act is to implement the amendment to the Constitution authorizing the creation of a State Children's Trust Fund." Ga. L. 1987, supra, p. 1141.

(c) The Act is separated into seven numbered sections. Section one amends Title 19 of the Official Code of Georgia and defines relevant terms, establishes the State Children's Trust Fund Commission, sets forth the duties and powers of the Commission, creates the State Children's Trust Fund, and provides for appropriations, donations, and disbursements. Sections two and three amend Title 15 of the Official Code of Georgia and provide for an increase in fees for filing divorce cases and for issuing marriage licenses, and for collections and reports of such fees. Sections four through seven relate to purpose, effective date, and repeals.

Applying the stated standards to the Act, we hold that it refers to but one subject matter, and that is the implementation of the constitutional amendment relating to a State Children's Trust Fund. Hence, Woodham's contention as to multiple purposes must fail.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 25, 1987.

*Michael J. Bowers, Attorney General, Lisa D. Cooper, Assistant Attorney General,* for appellant.

*Julian Webb, Kenneth L. Hornsby,* for appellees.