44909. HEAVY MACHINES COMPANY, INC. v. CITY OF ROSWELL et al.

(363 SE2d 539)

WELTNER, Justice.

In 1985, Heavy Machines Company applied to the City of Roswell to rezone a tract of land to a commercial classification. The city council denied the application and Heavy Machines filed suit. The trial court found the existing zoning unconstitutional and ordered the city to rezone the property in a constitutional manner within 60 days. This court affirmed. *City of Roswell v. Heavy Machines Co., Inc.*, 256 Ga. 472 (349 SE2d 743) (1986).

The city council rezoned the property to a commercial classification pursuant to a court order of January 1987. The ordinance contained certain conditions, and Heavy Machines then amended its

complaint to challenge the constitutionality of the rezoning.[1]

1. Heavy Machines first asserts that the January 1986 rezoning is unconstitutional because no notice was provided to it before the ordinance was promulgated. The city asserts that the ordinance was in response to the application of Heavy Machines, and as required by the trial court's order.

(a) No clear constitutional challenge was raised before the trial court on the issue of notice and we do not address this issue on appeal. *Turk v. State Hwy. Dept.*, 226 Ga. 245, 246 (174 SE2d 791) (1970).

(b) We note, however, that the city council considered no new request for rezoning from Heavy Machines. The tracts to be rezoned involved the same amount of land; and the city council's duty to consider the impact of rezoning this tract on neighboring tracts remained the same. Hence, for purposes of notice, the January 1986 ordinance was the result of the original application.

2. Heavy Machines asserts that the conditions imposed by the city council constitute a constitutional violation.

(a) The conditions relate to limitations on particular uses, as to, e.g.: land subdivision; density of square feet of building area per acre; building heights in areas adjacent to residential properties; and exterior lighting, buffers, setback lines and security fencing.

(b) These conditions are part of the proper exercise of the police power. "Generally, such conditions will be upheld when they were imposed pursuant to the police power for the protection or benefit of neighbors to ameliorate the effects of the zoning change." *Cross v. Hall County*, 238 Ga. 709, 713 (235 SE2d 379) (1977).

(c) "A zoning ordinance is presumptively valid, and this presumption can be rebutted only by clear and convincing evidence. *Guhl v. Holcomb Bridge Rd. Corp.*, [238 Ga. 322 (232 SE2d 830) (1977)]. The burden is on the plaintiff to come forward with clear and convincing evidence that the zoning presents a significant detriment to the landowner and is unsubstantially related to the public health, safety, morality, and welfare. Only after this initial burden is met must the governing authority come forward with justification for the zoning as reasonably related to the public interest." *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469, 471 (349 SE2d 707) (1986); see also *City of Atlanta Bd. of Zoning Adjustment v. Midtown North, Ltd.*, 257 Ga. 496 (360 SE2d 569) (1987).

(d) There was no evidence that Heavy Machines attempted to

---

[1] This was the second amended complaint. While the case was pending before this court, Heavy Machines amended the complaint to add a claim that the appeal constituted a violation of Heavy Machines' civil rights under 42 USC § 1983 and asked for $6,000,000 as damages, plus $6,000,000 as punitive damages.

develop the site as rezoned, nor to analyze its economic feasibility. Applying the test of *Gradous v. Bd. of Commrs. of Richmond County*, supra, the trial court found that Heavy Machines failed to show a sufficient deprivation to support a constitutional challenge to the rezoning. See also *Jones v. City of Atlanta*, 257 Ga. 727 (363 SE2d 254) (1988).

(e) The trial court's findings are not clearly erroneous. *City of Roswell v. Heavy Machines Co.*, supra, 256 Ga. at 474.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 1988 —
RECONSIDERATION DENIED FEBRUARY 4, 1988.

*Wendell K. Willard*, for appellant.

*Polatty & Sullivan, Michael E. Sullivan, Freeman & Hawkins, H. Lane Young II, Robert U. Wright*, for appellees.