S89A0119. DOYAL v. FULTON COUNTY et al.

(384 SE2d 390)

MARSHALL, Chief Justice.

The Board of Commissioners of Fulton County denied Doyal's application to rezone his 4.3-acre tract of land, situated at Roberts Drive, Northridge Rd. and Ga. Hwy. 400, from R-2 (residential) and AG-1 (agricultural) to O-I (office-institutional). Doyal sued in superior court, alleging that the zoning ordinance is unconstitutional because it does not require uniformity of application, and that the failure to rezone was an unlawful and unconstitutional taking. The appeal is from judgment for the defendants after a bench trial.

1. Doyal served subpoenas upon the Fulton County commissioners to require their appearance in superior court. Without moving to quash the subpoenas or seeking other protection, the commissioners refused to appear in court. Doyal assigns error to the failure of the trial court to require their appearance.

While in no way can we approve the commissioners' disregard for lawful processes, the trial court did not err in ruling that the defendant commissioners, although they had been subpoenaed, were not required to appear in court and testify. The motives of a zoning board are not, except with respect to fraud or bad faith, i.e., having a direct or indirect financial interest in the outcome of the zoning vote not shared by the public generally and more than remote or speculative — open to inquiry on judicial review. *Olley Valley Estates, Inc. v. Fussell*, 232 Ga. 779, 783-784 (1) (208 SE2d 801) (1974) and cits. See also *Martin v. Hatfield*, 251 Ga. 638 (1) (308 SE2d 833) (1983). In response to the trial court's specific question as to whether the plaintiff was contending that there was fraud or bad faith, plaintiff's counsel answered in the negative.

2. "A zoning ordinance is presumptively valid, and this presumption can be rebutted only by clear and convincing evidence. *Guhl v. Holcomb Bridge Rd. Corp.*, [238 Ga. 322 (232 SE2d 830) (1977)]. The burden is on the plaintiff to come forward with clear and convincing evidence that the zoning presents a significant detriment to the landowner and is unsubstantially related to the public health, safety, morality, and welfare. Only after this initial burden is met must the governing authority come forward with justification for the zoning as reasonably related to the public interest." *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469, 471 (349 SE2d 707) (1986); see also *City of Atlanta Bd. of Zoning Adjustment v. Midtown North, Ltd.*, 257 Ga. 496 (360 SE2d 569) (1987).

*Heavy Machines Co. v. City of Roswell*, 257 Ga. 745, 746 (363 SE2d 539) (1988).

There was evidence that the defendants complied with all the proper procedures in considering the plaintiff's application. The minutes of the county commission reflect "no previous attempts to rezone this property. . . ." And while two nearby tracts were rezoned by the commission, one was in response to the direction of the superior court. The diminution in value by the failure to rezone the property — urged by the appellant as a ground for reversal — is not the criterion for consideration. *DeKalb County v. Chamblee Dunwoody Hotel Partnership*, 248 Ga. 186 (1) (281 SE2d 525) (1981).

The facts here do not rise to the level required by *Barrett v. Hamby*, 235 Ga. 262 (219 SE2d 399) (1975) and its progeny, and fail to show that the county's actions in denying the appellant's rezoning application were unreasonable, arbitrary, confiscatory or otherwise resulted in a denial of due process.

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED OCTOBER 19, 1989.

*Rolader & Rolader, Donald W. Rolader,* for appellant.
*Tony L. Axam,* for appellees.