S95A1668, S95X1670. JEKYLL ISLAND-STATE PARK
AUTHORITY et al. v. JEKYLL ISLAND CITIZENS
ASSOCIATION et al.; and vice versa.
(464 SE2d 808)

CARLEY, Justice.

The membership of the Jekyll Island Citizens Association (Association) is comprised of lessees of property on the island. The Jekyll Island-State Park Authority (Authority) is authorized to operate a fire department on the island. OCGA § 12-3-235 (22). The first sentence of OCGA § 12-3-235 (23) authorizes the Authority to charge fees to those who rely upon its fire protection and suppression services, and the amount of the fee that the Authority is authorized to charge is addressed in the last sentence of OCGA § 12-3-235 (23), which provides:

> The annual amount of any fee charged to any person, natural or artificial, or upon any property owned or leased by any such person under this paragraph shall not exceed the annual amount which would be levied for such services by the County of Glynn in the form of ad valorem taxes if such services had been provided by the County of Glynn.

When the Authority increased its fee for fire services, the Association brought this action for declaratory judgment and mandamus against the Authority.

The trial court found the last sentence of OCGA § 12-3-235 (23) to be unconstitutional, because it fails to provide guidelines for determining the maximum annual fee. The trial court then found the remainder of OCGA § 12-3-235 (23) to be unconstitutional, holding that the power to charge any fee is dependent upon the provision limiting the amount thereof. In Case No. S95A1668, the Authority appeals and, in Case No. S95X1670, the Association cross-appeals. We consider the cross-appeal first.

*Case No. S95X1670*

1. Contrary to the Association's contention, the Authority has standing to challenge the constitutionality of the last sentence of OCGA § 12-3-235 (23). OCGA § 12-3-235 (9); *Caldwell v. Hosp. Auth. of Charlton County,* 248 Ga. 887, 888 (1) (287 SE2d 15) (1982).

2. The Association urges that the trial court erred in finding the

last sentence of OCGA § 12-3-235 (23) to be unconstitutional. A statute must be definite and certain to be valid, and when it is " ' "so vague and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application, it violates the first essential of due process of law." ' [Cit.]" *Hartrampf v. Ga. Real Estate Comm.*, 256 Ga. 45-46 (1) (343 SE2d 485) (1986). To withstand an attack of vagueness or indefiniteness, a civil statute must provide fair notice to those to whom the statute is directed and its provisions must enable them to determine the legislative intent. *Hartrampf*, supra at 45; *Bryan v. Ga. Public Svc. Comm.*, 238 Ga. 572, 574 (234 SE2d 784) (1977).

The last sentence of OCGA § 12-3-235 (23) fails to indicate whether it is the Glynn County Board of Commissioners or the Authority that is the appropriate entity to determine the maximum annual fee. Additionally, that sentence of the challenged Code section does not reveal whether the maximum annual fee is to be calculated based upon those fire services which the Authority actually provides or those which Glynn County theoretically would provide. Finally, it cannot be determined from that sentence whether the General Assembly intended that the computation of the maximum annual fee be based on the population of Jekyll Island or that of Glynn County.

Therefore, the last sentence of OCGA § 12-3-235 (23) is vague and indefinite. It contains insufficient objective standards and guidelines to meet the requirements of due process. See *Lithonia Asphalt Co. v. Hall County Planning Comm.*, 258 Ga. 8 (364 SE2d 860) (1988). Compare *Suddeth v. Forsyth County*, 258 Ga. 773, 774 (2) (373 SE2d 746) (1988). Accordingly, the trial court did not err in finding the last sentence of OCGA § 12-3-235 (23) to be unconstitutional.

*Case No. S95A1668*

3. The Authority contends that the trial court erred in finding the remainder of OCGA § 12-3-235 (23) to be unconstitutional. The General Assembly has created a general presumption of severability. OCGA § 1-1-3; *Hunter v. State*, 257 Ga. 571, 577 (6) (d) (361 SE2d 787) (1987).

OCGA § 1-1-3 provides: "Except as otherwise specifically provided . . . in the event any . . . sentence . . . of any Act . . . is declared or adjudged to be invalid or unconstitutional, such declaration or adjudication shall not affect the remaining portions of . . . such Act . . . which shall remain of full force and effect as if such portion so declared or adjudged invalid or unconstitutional were not originally a part of . . . such Act. . . ."

*Collins v. Woodham*, 257 Ga. 643, 644 (2) (c) (362 SE2d 61) (1987). In *Collins*, an unconstitutional disposition of fees did not render unconstitutional that portion of the act which substantially increased those fees. Likewise, the unconstitutionally vague and indefinite limitation on fees contained in the last sentence of OCGA § 12-3-235 (23) should not render unconstitutional the remaining portion of the statute which permits the Authority to charge such fees. Moreover, even without the limitation on fees set forth in the last sentence of OCGA § 12-3-235 (23), the amount of the fire service fees will not be unlimited, because the Authority cannot charge fees which substantially exceed the cost of the services. *Mayor &c. of Milledgeville v. Green*, 221 Ga. 498, 501 (145 SE2d 507) (1965). Compare *State of Ga. v. Moore*, 259 Ga. 139, 142 (6) (b), (7) (376 SE2d 877) (1989). Accordingly, the trial court erred in finding the remainder of OCGA § 12-3-235 (23) to be unconstitutional.

4. Because the last sentence of OCGA § 12-3-235 (23) is unconstitutional, the judgment in Case No. S95X1670 is affirmed. However, because the remainder of OCGA § 12-3-235 (23) can be severed from the last sentence thereof, the judgment in Case No. S95A1668 is reversed.

*Judgment reversed in Case No. S95A1668. Judgment affirmed in Case No. S95X1670. All the Justices concur.*

DECIDED JANUARY 8, 1996.

*Michael J. Bowers, Attorney General, Roland F. Matson, John B. Ballard, Jr., Senior Assistant Attorneys General, Whelchel, Brown, Readdick & Bumgartner, J. Thomas Whelchel,* for appellants.

*Bishop & Lindberg, C. Foster Lindberg, William T. Ligon, Jr.,* for appellees.