## GRIGGS *v.* MAYOR AND COUNCIL OF MACON.

1. The mayor and council of a city the charter of which authorizes them to "pass such ordinances as may be deemed necessary for the regulation of stock and other animals within the city," and also contains the usual "general welfare clause," have the power to pass and enforce a penal ordinance requiring all persons keeping dogs on their premises within the city to register the same, procure a badge for each dog so kept, and pay a fee of one dollar for each registration and badge.
2. "The power to regulate the keeping of dogs and to enforce such regulations by forfeitures, fines and penalties, is recognized as one within the police power."

Argued February 2, — Decided March 22, 1898.

Petition for certiorari. Before Judge Felton. Bibb county. May 25, 1897.

*Hope Polhill*, for plaintiff in error.
*Minter Wimberly*, contra.

LUMPKIN, P. J.   The charter of the City of Macon author-
izes the mayor and council to "pass such ordinances as may
be deemed necessary for the regulation of stock and other ani-
mals within the city," and also contains a "general welfare
clause" conferring upon the mayor and council the powers
usually embraced in like portions of municipal charters.   The
question presented by the present case is, whether or not the
Mayor and Council of Macon have the power to pass and en-
force a penal ordinance requiring all persons keeping dogs on
their premises within the city limits to register and procure
badges for the same, and pay a fee of one dollar for each reg-
istration and badge.   It seems difficult to fix with precision
the legal status of the dog, but we have reached the conclusion
that an ordinance of the kind above indicated was within the
domain of the powers enjoyed by the municipal authorities of
Macon.   In 1 Dillon on Municipal Corporations (4th ed.), 212,
note 2, it is said that: "The power to regulate the keeping of
dogs and to enforce such regulations by forfeitures, fines and
penalties, is recognized as within the police power;" and as
authority for this proposition, the case of City of Faribault v.
Wilson, 34 Minn. 254, is cited.   In that case, Wilson was pros-
ecuted and convicted before a city justice for violating the pro-
visions of an ordinance requiring the owner of every dog to
register the same with the city recorder, and at the same time
pay a specified fee.   Each person complying with the require-
ments of this ordinance was entitled to a certificate showing
his right to keep upon his premises the dog therein described,
and every person keeping a dog upon his premises without
complying with the terms of the ordinance was made subject
to fine and imprisonment.   This ordinance was passed under
a statute authorizing the council to "regulate or prevent the
running at large of dogs, to require license for keeping the
same," etc.   The Supreme Court of Minnesota held that the
ordinance was not unreasonable, and affirmed the conviction.

It is true that the power conferred by the charter of Macon
is not stated in such explicit terms as that given to the City of
Faribault, but we think, nevertheless, it was sufficient to war-
rant the adoption by the Mayor and Council of Macon of the

ordinance now under review. In delivering the opinion of the court in the case just cited, Chief Justice Gilfillan remarked that the power to regulate the keeping of dogs was one very generally exercised, and that it is recognized as within the police power; and observed that regulations of this kind were proper, because dogs, from their nature, were liable to become nuisances. So regarding them, the requirement of fees for registering them has a tendency to reduce their number. In VanHorn v. People, 46 Mich. 183, it was held that an act taxing dogs, and appropriating the resulting fund to the payment of damages done by dogs to sheep, was not strictly a "tax" law, but an exercise of the police power of the State; and in the same case it was said that "dogs are properly subjected to special and peculiar regulations for the purpose of repressing the mischief likely to be done by them to more valuable property and to persons." So, in Ex parte Cooper, 3 Tex. App. 489, it was said that an act exempting to each family one dog, and imposing on all other dogs a "tax," was not technically a tax law, but more properly a police regulation and a legitimate exercise of the police power. And to the same effect, see Blair v. Forehand, 100 Mass. 136.

These authorities tend to establish the proposition that the fee of one dollar required in Macon for registering a dog and obtaining a badge, the purpose of which is to evidence the fact of registration, is not, in a strict sense, a "tax" but should be regarded as a police regulation. Thus viewing it, we are of the opinion that it is not unreasonable, and should be upheld.

*Judgment affirmed. All concurring, except Cobb, J., absent.*