## 42357. ARRAS v. HERRIN et al.
### (334 SE2d 677)

GREGORY, Justice.

Arras appeals a decision of Camden Superior Court denying a writ of mandamus to compel the Camden County Board of Commissioners to issue an alcoholic beverages license. We reverse.

The issue in this case is whether Arras was denied due process of law when the Board of Commissioners refused to grant his application for an alcoholic beverages license on the basis that the location of his proposed business was not proper.

Arras had applied for a beer and wine license to allow sales at a convenience store he planned to open in Camden County. The site of the proposed store was at the intersection of U. S. Highway 17 and Billyville Road, in an area zoned for commercial use. Billyville Road is approximately two miles long. There is a church about one mile from the proposed convenience store, and two other churches along Billyville Road. Also, school buses stop near the proposed location to unload students involved in athletics and extra-curricular activities.

Testimony at trial revealed that the Board of Commissioners had never before denied an application for a similar license to a convenience store owner or operator. In fact, the Board had earlier granted Arras' application for a license at another convenience store he owned in another part of Camden County. At a required hearing for Arras' application, no objection was raised directly by any member of the public. However, upon a motion by Commissioner Herrin, the application was denied. At the later trial, Herrin testified that numerous citizens had contacted him prior to the hearing to object to granting the license.

The standards for issuance of alcoholic beverages licenses are laid out in section 11-102 of the Camden County beer, wine and liquor ordinance. Among the requirements are that the location for the establishment be in a commercial or restricted industrial zone; that the establishment not be within 100 yards of a church, school, funeral chapel, cemetery or park; that the establishment be no closer than onehalf mile from an existing licensed establishment; that the number of licenses issued by the county be limited to one for each 1,000 persons residing in the unincorporated portions of the county; and that the applicant be of good moral character. Applications must include sketches or diagrams of the location of the establishment and its distance from all churches, schools and existing licensed establishments.

The commissioners do not argue that Arras failed to meet any of the foregoing prescribed requirements for a beer and wine license. Instead they based the denial on section 11-102 (7) of the ordinance, which provides: "The Board shall have full and sole authority, in its absolute discretion, to determine whether the applicant for a license

under the provisions of this ordinance is a fit and proper person to operate the type of business involved . . . and whether the location of such business is proper and to the best welfare and in the best interests of Camden County, and the Board's determination of these requirements shall be final."

Arras raises a double constitutional attack on the Camden County ordinance and the trial judge's ruling that it was validly applied. First, Arras contends the court erred in holding that the ordinance provides sufficient objective standards to meet due process requirements. Secondly, Arras contends the trial court erred in not holding that the denial of his application violated the equal protection clause.

Due process constraints dictate that the Camden County Commissioners may not deny Arras a license at this particular location by exercising the "absolute discretion" contained in section 11-102 (7). Local municipal governing authorities may no longer deny liquor licenses without justification merely by labeling an alcoholic beverage license a "privilege" and not a "right." *City of Atlanta v. Hill*, 238 Ga. 413 (233 SE2d 193) (1977). While states and local governments have the right to regulate sales of intoxicating beverages as a valid exercise of police powers, the power to regulate the activity does not exempt the state from the operation of the 14th Amendment. *Mayor &c. of Hapeville v. Anderson*, 246 Ga. 786 (272 SE2d 713) (1980). Absolute and uncontrolled discretion by governing authorities to issue licenses invites abuse, and exercise of discretion by states and local governments must be tempered with "ascertainable standards . . . by which an applicant can intelligently seek to qualify for a license. . . ." *Hornsby v. Allen*, 326 F2d 605, 612 (5th Cir. 1964). Thus, in Georgia a liquor licensing ordinance must provide "sufficient objective standards to control the discretion of the governing authority and adequate notice to applicants of the criteria for issuance of a license." *Levendis v. Cobb County*, 242 Ga. 592 (250 SE2d 460) (1978).

The ordinance in question contained objective standards regarding the location of the business where the license is to be exercised, and it is without dispute that Arras met these objective standards. Instead of relying on these standards, the Board based its denial on the vague language of section 11-102 (7) which confers an "absolute discretion" on the Board to make a "final" determination as to whether the location is "proper" and in the "best welfare" and "best interests" of Camden County. These words contain no standard to control the discretion of the Board and thereby deny due process.

Because we have determined that due process has been denied we do not reach the equal protection argument made by Arras.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 1, 1985.

*Charles C. Smith, Jr.,* for appellant.
*J. Grover Henderson,* for appellees.