44380. DAVIDSON MINERAL PROPERTIES, INC. v. MONROE COUNTY et al.
(357 SE2d 95)

Hunt, Justice.

Davidson Mineral Properties, Inc. appeals a decision of the Superior Court of Monroe County denying its petition for injunctive and other relief relating to Davidson's proposed construction and operation of a rock quarry. We reverse.

Starting in 1981 the Board of Commissioners of Monroe County took official action to control commercial development. In that year the Board enacted a resolution requiring the issuance of building permits for the construction of commercial or industrial businesses. In May 1985, the Board requested assistance from the Middle Georgia Area Planning & Development Commission in developing a comprehensive land use plan and zoning ordinance. Several months later, the Board adopted a resolution entitled "Moratorium on Commercial Development." Thereafter, Davidson applied for a building permit to operate a rock quarry on property it had leased in Monroe County. The Board denied Davidson's application following a hearing attended by a number of persons who opposed the rock quarry. At the time Davidson applied for a building permit, no land use or zoning plan was in effect in the county and there were no building or use restrictions on the property where Davidson sought to operate its rock quarry. The stated reason for the Board's denial of Davidson's application for a permit was the planned adoption of a land use plan and zoning ordinance. After its application for a building permit was denied, Davidson brought this action against Monroe County and its Board of Commissioners seeking mandamus, as well as declaratory, injunctive, and other relief.

The Board members and the County argue, and the superior court found, that the denial of Davidson's permit application was authorized under the "Moratorium on Commercial Development" and that the "moratorium" was a valid interim zoning ordinance enacted to maintain the status quo pending adoption of a zoning ordinance based on a comprehensive land use plan. The "moratorium" resolution reads, in its entirety: "That the Monroe County Board of Commissioners hereby prohibits, except with the expressed permission of the Monroe County Board of Commissioners, any and all Commercial Development, including Mobile Home Parks, within the confines of

Monroe County, Georgia. This is a moratorium on commercial development which will not affect in any way existing businesses, or the expansion thereof, and shall remain in effect until further order of the Board of Commissioners." In the minutes of the Board of Commissioners' meeting regarding the "moratorium" resolution, it is noted that "[t]his resolution does not prohibit commercial development, but it will be necessary for each request for building or improvement be submitted to the county commissioners for approval."

Davidson raises a number of enumerations of error, including the trial court's failure to conclude that the Board of Commissioners did not have the authority to enact a moratorium on commercial development, and the trial court's failure to find the building permit resolution and "moratorium" resolution unconstitutional and void because of defects in their enactment and content.

1. Initially, we note that we need not reach Davidson's enumeration regarding the Board's lack of authority to enact a temporary moratorium on development pending the adoption of a zoning plan, because on its face and as applied, the resolution in question is not a temporary measure to maintain the status quo by prohibiting development. Rather, the resolution merely establishes a system whereby commercial development can proceed only by permission of the Board of Commissioners, like the earlier enacted building permit resolution. The 1981 building permit resolution requires a building permit for the construction or alteration of a commercial or industrial building and provides, in pertinent part, that "the Monroe County Board of Commissioners shall decide whether the permit applied for shall be granted or denied and such decision of the Board of Commissioners shall be by majority vote of the members present at a regularly called meeting of the Monroe County Board of Commissioners." There are no objective criteria provided in this resolution or elsewhere in the record for the issuance of a building permit. The record reflects that the "moratorium resolution" was intended to be read in conjunction with the 1981 building permit resolution to require that any person seeking to build a commercial business submit an application for a building permit to the Board of Commissioners. After the "moratorium resolution" was enacted, twenty-four building permit applications were presented to the Board prior to Davidson's application, only one of which was denied.

Davidson's attack on the constitutionality of the 1981 building permit resolution and the 1985 "moratorium" resolution is based on its claim that the 1981 and 1985 resolutions did not provide sufficient objective standards to meet due process requirements. We agree. The two resolutions allow the Board absolute discretion to grant or deny permission for construction for commercial uses with no standards whatsoever to control that discretion nor do they provide any notice

to applicants of the criteria for the issuance of a permit. Thus, the resolutions are void because they improperly allow uncontrolled discretion by the Board in granting or denying a permit application and are otherwise too vague, indefinite and uncertain to be enforceable. *Arras v. Herrin*, 255 Ga. 11 (334 SE2d 677) (1985); *City of Atlanta v. Southern R. Co.*, 213 Ga. 736 (101 SE2d 707) (1958).

2. While we are sympathetic with the county's efforts to control commercial development, the county was not authorized to prohibit Davidson from constructing a quarry on the basis of a zoning ordinance not yet adopted. *City of Lawrenceville v. Humphries*, 229 Ga. 724 (194 SE2d 84) (1972). Accordingly, Davidson was entitled to proceed with the construction and operation of a rock quarry as proposed and we need not reach Davidson's remaining enumerations of error. Therefore, this case is reversed and remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and remanded. All the Justices concur, except Clarke, P. J., not participating.*

DECIDED JUNE 30, 1987.

*Haygood, Lynch & Waldrep, Charles B. Haygood, Jr., Robert L. Harris, H. Wayne Phears, Victor L. Moldovan,* for appellant.
*W. Franklin Freeman, Jr.,* for appellees.