44803. LITHONIA ASPHALT COMPANY v. HALL COUNTY PLANNING COMMISSION et al.
(364 SE2d 860)

SMITH, Justice.

The appellant, Lithonia Asphalt Company, sought a certificate of zoning compliance and a building permit from Hall County so that it could build an asphalt plant on some land that was zoned for heavy industrial use. The certificate and permit were denied because the Hall County Planning Office determined that the asphalt plant might have "objectionable conditions" within the meaning of Section 15 (A)

(3) of the Hall County Zoning Regulations.[1] The appellant was forced to apply to the Planning Commission for approval. After a hearing, the permit was denied on the ground that the plant would generate too much truck traffic. The appellant filed a complaint and an administrative appeal in the Hall County Superior Court in which it alleged, among other things, that Section 15 (A) (3) allows the operation of an asphalt plant without a permissive use permit, that the denial of the permit was arbitrary and capricious, and that Section 15 (A) (3) is unconstitutional because it is impermissibly vague.

The trial court declined to reach the constitutional issues. It found that the asphalt plant permit sought by the appellants fell within Section 15 (A) (3) as an inherently permitted use, that traffic is not among the criteria that could be used by the Planning Commission in making its decision, that the Planning Commission was restricted to reading Section 15 without reference to Section 25,[2] and that the standard to be used by the Planning Commission is whether or not "the proposed location, construction, and operation will not injure unduly the surrounding developments or the community either present or future."

The trial court found that Section 15 (A) (3) was incorrectly interpreted and applied by the Planning Commission and remanded the case for findings of fact using the criteria set out in Section 15 (A) (3). On remand, the Planning Commission granted the permit, but attached conditions to the permit. One such condition allows the appellant to operate only five days per week.

We agree that the Planning Commission was incorrect in its interpretation and application of Section 15 (A) (3), and we also find that the vague language of Section 15 (A) (3) contains insufficient objective standards and guidelines to meet the requirements of due process, therefore, it is void. *Davidson Mineral Properties, Inc. v. Monroe County*, 257 Ga. 215 (357 SE2d 95) (1987). See also *Fulton County v. Bartenfeld*, 257 Ga. 766 (___ SE2d ___) (1988). The appellant is entitled to the permit without the imposed restrictions.

*Judgment reversed. All the Justices concur.*

---

[1] Section 15 (A) (3) provides: "Uses permitted inherently . . . . Any industrial use provided that the use, such as a poultry processing plant, junk yard, chemical plant, cement plant, oil storage facility or foundry, which may cause injurious or obnoxious noise, vibrations, smoke, gas, fumes, odors, dust, fire hazard, or other objectionable conditions shall require a finding by the Planning Commission that the proposed location, construction, and operation will not injure unduly the surrounding developments or the community either present or future."

[2] Section 25 is entitled, "Special Use Exceptions and Uses Permitted Subject to Approval of the Planning Commission."

10

*H. Wayne Phears,* for appellant.

*Hulsey, Oliver, Mahar & Burroughs, Julius M. Hulsey, R. David Syfan,* for appellees.