## S90A0245. FLECK & ASSOCIATES, INC. v. CITY OF ATLANTA.
### (390 SE2d 396)

PER CURIAM.

The city revoked a business license. The licensee sought an interlocutory injunction to stay enforcement of the city's action, contending that the applicable city code does not comply with due process requirements because it fails to set out any standards for revocation of business licenses. The trial court held that the city code is not unconstitutional, and denied relief.

1. (a) § 14-6002 of the Atlanta City Code provides:

(b) In considering a person's criminal records or history for determining whether or not to renew, suspend *or revoke* a license or permit issued under the police powers of the city, the same standards shall be used as are set out in subsection (a) of this section relating to initial license or permit applications. [Emphasis supplied.][1]

(c) Nothing in this section shall in any way be interpreted to affect the ability of the person or body charged with the responsibility to issue, renew, suspend or revoke a license or permit regulated to apply *any proper criterion or standard, other than prior criminal history*, in determining whether to issue, renew, suspend or revoke the license or permit.

(d) This section is intended to apply to every license to do business or permit to engage in a particular job or occupation which is regulated under the police power of the city. [Emphasis supplied.]

(b) It is undisputed that the licensee has no criminal conviction and no criminal sentence under a plea of nolo contendere. (See note 1, above.) Nevertheless, the city contends that it was empowered under the broad authority of its police powers to revoke the license.

2. (a) In *Davidson Mineral Properties, Inc. v. Monroe County*, 257 Ga. 215 (357 SE2d 95) (1987), we held:

Davidson's attack on the constitutionality of the [resolu-

---

[1] (a) In considering applications for a license or permit issued under the police power of the city, the following rules shall apply with respect to an applicant's criminal record: (1) Only convictions or pleas of *nolo contendere* shall ever be considered. . . . Subject to the provisions of paragraphs (1), (2), (3), and (4) above, the person or body approving or denying an application for a license or permit under the police power of the city may take into consideration the criminal record of the applicant in determining whether to approve or deny the application; provided, however, that only those offenses that are reasonably related to the job duties involved in the job for which a permit or license is sought may be taken into consideration or used as cause to deny the application. . . .

tions at issue] is based on its claim that the . . . resolutions did not provide sufficient objective standards to meet due process requirements. We agree. The two resolutions allow the Board absolute discretion to grant or deny permission for construction for commercial uses with no standards whatsoever to control that discretion nor do they provide any notice to applicants of the criteria for the issuance of a permit. Thus, the resolutions are void because they improperly allow uncontrolled discretion by the Board in granting or denying a permit application and are otherwise too vague, indefinite and uncertain to be enforceable. *Arras v. Herrin*, 255 Ga. 11 (334 SE2d 677) (1985); *City of Atlanta v. Southern R. Co.*, 213 Ga. 736 (101 SE2d 707) (1958). [Id. at 216-7.]

(b) The city code purports to give to city officials an absolute and undirected power to revoke any business license. The term "any proper criterion or standard" is the equivalent of *no* proper criterion and *no* standard. See *Hartrampf v. Georgia Real Estate Comm.*, 256 Ga. 45, 46 (343 SE2d 485) (1986): "[T]he term 'unworthiness' is too subjective to advise as to those acts which are permitted, and those acts which are prohibited."

3. The application for interlocutory injunction should have been granted.

*Judgment reversed. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

The majority opinion raises no question concerning the facts of this case, no question concerning whether appellant's establishment was operated to encourage criminal activity, and no question concerning whether the revocation of appellant's health club license achieved the purpose of protecting the public health, welfare and morality. Instead, it focuses exclusively on whether the Atlanta Civil Code gave express notice to appellant of the conduct that would justify revocation of its health club license. I do not believe, however, that it is constitutionally necessary that the City Code give specific notice that a health club license will be revoked if the business operated pursuant to that license has as its main purpose the provision of a venue for criminal activity.

The ordinance under which appellant's license was issued required that the licensee be of good character. That is a standard which is readily ascertainable. It is unreasonable to suppose that an entity which condones and fosters illegal conduct, especially conduct which poses a significant health hazard such as that at issue in this case, can be considered to be of good character. Since there is no

question that appellant was aware of the activities in its establishment, there can be no reasonable question that it was aware that its license was subject to revocation.

I am convinced, therefore, that the revocation of appellant's health club license was done pursuant to ascertainable standards of law and decency, and that there was no deprivation of due process. Accordingly, since I would affirm the trial court's judgment, I must respectfully dissent to the majority's reversal.

DECIDED APRIL 13, 1990.

*Wilson, Cobb, Lightenstein & Lao, T. Douglas Wilson, Jr., William J. Cobb,* for appellant.

*Brian Spears, Elizabeth F. Allen, Nina M. Radakovich, Spencer J. Krupp, Marva Jones Brooks,* for appellee.