S90A0733. DINSMORE DEVELOPMENT COMPANY, INC. et al.
v. CHEROKEE COUNTY, GEORGIA.

(398 SE2d 539)

BELL, Justice.

The appellants seek to operate a private solid-waste landfill on agriculturally-zoned land in Cherokee County, Georgia. To obtain permission from the appellee Cherokee County (the county) to operate the landfill, appellants filed an application for a special-use permit with the county Board of Zoning Adjustment (BZA). The BZA denied the application after conducting two hearings, and appellants appealed the denial to superior court, which affirmed the BZA's decision. We then granted appellants' application for appeal. For the reasons given in this opinion, we reverse.

1. Appellants contend the county zoning ordinance lacked sufficient objective guidelines upon which the BZA could base its denial of a permit, because, appellants allege, the standards under which the BZA decided whether to grant special-use permits for landfills were vague and ambiguous. We find this contention has merit.

The only provisions of the county zoning ordinance that arguably provide guidelines for the BZA in considering landfill permits are Article X, Section E, Paragraph 3, Subparagraph g (8), and the "Purpose" preamble of Article I.

Article X, which pertains to the BZA, provides:

SECTION E. *Powers and Duties*: The Board [the BZA] in appropriate cases and subject to appropriate conditions and

safeguards shall have the following powers:

. . .

3. To hear and decide the following exceptions to the terms of this Resolution [the county zoning ordinance] provided that such exceptions shall impose appropriate conditions and safeguards:

. . .

g. The location, construction, extension, structural alteration and operation of any of the following uses, in any specified districts from which these uses are otherwise prohibited or limited by this Resolution:

. . .

(8) Sanitary lan[df]ill operation in any non-residential Zoning Districts subject to approval of County Sanitarian as to location and proposed operational procedures.

By itself, this provision of the ordinance lacks any objective standards for the use of the BZA. Appellee concedes this, but argues that the ordinance's statement of purpose in Article I provides the necessary guidelines. That statement of purpose reads as follows:

The Zoning Regulations and Districts herein established have been made in accordance with the Comprehensive Plan (Master Plan) for Cherokee County and are designed to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health and the general welfare, to provide adequate light and air; to prevent overcrowding of the land; to avoid undue concentration of population; [and] to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements. The regulations have also been made with reasonable consideration to the character of the district and its peculiar suitability for particular uses; with a view to promoting desirable living conditions, sustaining the stability of neighborhoods, protecting property against blight and depreciation, securing economy in governmental expenditures, conserving the value of buildings and encouraging the most appropriate use of land and structures throughout Cherokee County.

The requirements set forth in this resolution are minimum permiss[i]ble standards. It is expected that developers and

the Cherokee County-Municipal Planning Commission will normally strive for quality development which will exceed these minimum requirements.

The question is whether the landfill provisions of Article X, taken in conjunction with the purpose statement of Article I, are "drawn with sufficient specificity to apprise an applicant of common intelligence of the standards which he should anticipate the governing body will consider." *Levendis v. Cobb County*, 242 Ga. 592, 594 (1) (250 SE2d 460) (1978); accord *Suddeth v. Forsyth County*, 258 Ga. 773, 775 (2) (373 SE2d 746) (1988). Applying this test, we hold that the purpose statement contains only a statement of general goals and purposes, and provides no criteria to govern the BZA's determination. *Arras v. Herrin*, 255 Ga. 11 (334 SE2d 677) (1985); *Lithonia Asphalt v. Hall County Planning Comm.*, 258 Ga. 8 (364 SE2d 860) (1988).[1] Accordingly, we find that appellants are entitled to the approval of the BZA for the permit they sought. *Crymes v. DeKalb County*, 258 Ga. 30 (364 SE2d 852) (1988).

Because it appears that other requirements for obtaining the permit have not yet been fulfilled by appellants, we remand for further proceedings consistent with this opinion. Id. at 31-32.

2. In light of our holding in the first division of this opinion, we do not reach the remaining contentions of the parties.

*Judgment reversed and remanded, with direction. All the Justices concur.*

DECIDED DECEMBER 3, 1990 —
RECONSIDERATIONS DENIED DECEMBER 20, 1990 AND JANUARY 7, 1991.

*Peterson, Dillard, Young, Self & Asselin, Dick Wilson, Jr., Davis, Gregory & Christy, Hardy Gregory, Jr.,* for appellants.

*McVay & Stubbs, Kiping L. McVay, Elliott R. Baker, Eugene Benson Chambers, Jr.,* for appellee.

*Zickert & White, Kathryn M. Zickert,* amicus curiae.

---

[1] Compare *Suddeth*, supra, 258 Ga. (2) at 774-776, in which this Court considered an ordinance that required application of a balancing test to determine whether certain criteria outweighed other criteria, id. at 776. We found the balancing test sufficiently restricted the exercise of discretion, and distinguished the ordinance in *Suddeth* from the ordinances in *Arras* and *Lithonia Asphalt*.