## S92A1466. FSL CORPORATION v. HARRINGTON et al.
### (425 SE2d 276)

CLARKE, Chief Justice.

The Superior Court of Forsyth County denied appellant FSL's petition for mandamus to require the Board of Commissioners (the Board) of Forsyth County to approve a special-use permit for a sanitary landfill. Because the zoning ordinance authorizing the permit provides no ascertainable limits on the Board's discretion to grant or deny applications, we reverse the trial court's order.

FSL contracted to purchase property zoned for agricultural use located in Forsyth County next to the county landfill in a sparsely populated area along the Etowah River. The Etowah is a source of drinking water for the county. A county ordinance allows property zoned for agriculture to be used as a sanitary landfill if a special-use permit is obtained from the Board after review by the County Health Officer and the Forsyth County Planning Commission (Commission).[1]

Appellant FSL filed an application with the Forsyth County Department of Planning and Development on December 20, 1991, for a special-use permit for a sanitary landfill. The Commission considered FSL's application at a public hearing on January 28, 1992. After the hearing, in which many citizens expressed their disapproval, the Commission unanimously recommended the denial of the application. The Board unanimously denied the application on February 24, 1992.

In response to the denial of the application, FSL filed a petition for mandamus with the Superior Court of Forsyth County on March 24, 1992. FSL alleged that the Board based its denial on an unconstitutionally vague ordinance that provides no limits on the Board's discretion. The court denied appellant's petition on May 27, 1992. We granted FSL's application for discretionary appeal on June 30, 1992.

Section 14-1.1 (k) by itself lacks any objective criteria for approval of a special-use permit. Appellee argues that the preamble to the Comprehensive Zoning and Land Use Resolution and Ordinance of Forsyth County contains the general goals of the ordinance. The preamble provides as follows:

> WHEREAS the Board of Commissioners wishes to lessen congestion in the public thoroughfares, fire and health dangers, and soil erosion and sedimentation; and

---

[1] The relevant code provision reads:

14-1.1 The following uses shall be permitted in Agricultural I District (A-I);

. . .

(k) Sanitary landfills and dumps approved by the Board of Commissioners of Forsyth County after review with the County Health Officer and the Planning Commission.

WHEREAS the Board of Commissioners wishes to assure adequate light and air, and the sound development and use of land which provides adequate transportation, water supply, drainage, sanitation, educational opportunity and recreation; and

WHEREAS the Board of Commissioners wishes to classify land uses and the distribution of and uses; and

WHEREAS the Board of Commissioners wishes to provide for economically sound and stable land development by assuring the provision in land developments of adequate streets, utilities, services, traffic access and circulation, public open spaces and maintenance continuity; and

WHEREAS the Board of Commissioners wishes to assure compliance with a comprehensive plan. . . .

The appellee relies on the case of *Phillips v. Mills*, Civil Action No. 86-15,138 (May 29, 1986, Superior Court of Forsyth County), aff'd without opinion, 256 Ga. XXVIII (1987). The trial court in *Phillips* found that this preamble contained sufficient guidelines for the Board and upheld the ordinance against a vagueness challenge. In *Dinsmore Dev. Co. v. Cherokee County*, 260 Ga. 727 (398 SE2d 539) (1990), we found that a purpose statement similar to this preamble contained no objective criteria upon which the zoning board could base its decision. We therefore reversed the trial court's denial of mandamus. We hold that *Dinsmore* is controlling. The preamble to the ordinance "contains only a statement of general goals and purposes, and provides no criteria to govern the [Board's] determination." *Dinsmore*, supra at 729. Provided all other requirements have been met, appellant is entitled to approval for the special-use permit it seeks.

*Judgment reversed. Hunt, P. J., Benham, Fletcher, Sears-Collins, JJ., and Judge Robert G. Walther concur; Hunstein, J., not participating.*

DECIDED JANUARY 22, 1993 —
RECONSIDERATION DENIED FEBRUARY 12, 1993.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling,* for appellant.

*McVay & Stubbs, Robert S. Stubbs III,* for appellees.