S96A0406, S96A0407. HIXON et al. v. WALKER COUNTY et al.
(468 SE2d 744)

CARLEY, Justice.

Appellants Lorrie and Jeffery Hixon applied for building permits and, although they ostensibly complied with all of the objective requirements of the then-applicable Walker County Land Regulations (Regulations), their applications nevertheless were denied by appellee Walker County Planning Director Ken York. The only authority cited for the denial of the applications was those sections of the Regulations which generally provided that the "Purpose" thereof was "[t]o protect the character and the social and economic stability of all parts of Walker County and to encourage the orderly and beneficial development of all parts of Walker County" and "[t]o protect and conserve the value of land throughout Walker County and the value of buildings and improvements upon the land and to minimize the conflicts among the uses of land and buildings." After the Hixons' appeal was denied by the Walker County Planning Commission, they brought this suit, seeking a writ of mandamus compelling the grant of their applications. The trial court denied the petition for mandamus and the Hixons appeal.

The "Purpose" sections appear only in the preamble of the Regu-

---

[2] Id. at 148.
[3] 260 Ga. 799 (400 SE2d 620) (1991).

lations and there is no cross-reference to those subsequent sections of the Regulations which address the substantive requirements for obtaining a building permit. See *Southern States Landfill v. City of Atlanta Bd. of Zoning Adjustment*, 261 Ga. 759, 760 (2) (410 SE2d 721) (1991). Compare *Suddeth v. Forsyth County*, 258 Ga. 773, 774 (2) (373 SE2d 746) (1988) (relating to substantive sections of a zoning ordinance). Moreover, those "Purpose" sections set forth only a statement of general goals and purposes, without providing any criteria to govern the consideration of an application for a building permit. *Dinsmore Dev. Co. v. Cherokee County*, 260 Ga. 727, 729 (1) (398 SE2d 539) (1991). See also *FSL Corp. v. Harrington*, 262 Ga. 725 (425 SE2d 276) (1993). Compare *Illusions On Peachtree St. v. Young*, 257 Ga. 142, 143 (1) (356 SE2d 510) (1987) (Municipal Code section held to contain "specific factors to be considered in effectuating the broad purpose of promoting the general health and welfare of the community").

The exercise of discretion in the issuance of licenses "must be tempered with 'ascertainable standards . . . by which an applicant can intelligently seek to qualify for a license. . . .' [Cit.]" *Arras v. Herrin*, 255 Ga. 11, 12 (334 SE2d 677) (1985). "[T]his preamble contain[s] no objective criteria upon which the [Planning Commission] could base its decision." *FSL Corp. v. Harrington*, supra at 726. Compare *Suddeth v. Forsyth County*, supra at 774 (2) (ordinance specifically providing for a discretionary balancing test). The "Purpose" sections of the Regulations "contain no standard to control the discretion of the [Planning Commission]. . . ." *Arras v. Herrin*, supra at 12.

It follows that the trial court erred in refusing to grant a writ of mandamus, since it would violate due process to rely upon the "Purpose" sections of the Regulations as a substantive basis for the denial of the Hixons' application for the building permits. *FSL Corp. v. Harrington*, supra; *Dinsmore Dev. Co. v. Cherokee County*, supra; *Arras v. Herrin*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 8, 1996 —
RECONSIDERATION DENIED MAY 3, 1996.

*David G. Archer*, for appellants.
*Watson & Dana, Melissa D. Gifford, David D. Gottlieb*, for appellees.