## S00A2054. FOSTER v. THE STATE.
(544 SE2d 153)

CARLEY, Justice.

In April of 1999, the Houston County Animal Control Office (Office) issued a written warning to Charles K. Foster, informing him that he was in violation of a provision of the Houston County Animal Control Ordinance (Ordinance). The notice specified that, within 30 days, he should "[l]imit the number of dogs and/or cats at this residence to four or apply for a special permit to maintain more than four animals." He timely completed and submitted to the Office an official application for a permit, explaining that all of the 11 dogs on the premises were pets, and that he did not keep any of the dogs for any business purposes. When the Office denied the application for the special permit, Foster refused to comply with the Ordinance. Eventually, he was cited for violating § 10-20 of the Ordinance, which then provided, in relevant part, that

> [i]t shall be unlawful for there to be more than four dogs and/or cats on any residential lot that is less than five acres in size, subject to the following exceptions: (1) Animal owners who have an approved permit issued by the animal control board shall be excepted from this section.

At trial, Foster stipulated that he was in violation of § 10-20, and he defended on the ground that the provision was unconstitutional. After upholding the constitutionality of the enactment, the trial court imposed a 12-month suspended sentence and a $130 fine. Foster appeals from the judgment of conviction and sentence.

1. " 'The power to regulate the keeping of dogs and to enforce such regulations by forfeitures, fines and penalties, is recognized as within the police power[.]' " *Griggs v. Mayor and Council of Macon*, 103 Ga. 602, 603 (30 SE 561) (1898). However, the exercise of that power through the enactment and enforcement of criminal laws is not without limitations. Criminal statutes are construed strictly against the State, they must be read according to the natural and

obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations. *State v. Johnson*, 269 Ga. 370, 371 (1) (499 SE2d 56) (1998).

Foster asserts that, when thus construed, § 10-20 of the Ordinance is unconstitutionally vague. " 'With regard to a vagueness challenge, there is a "greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." (Cit.)' [Cits.]" *Thelen v. State*, 272 Ga. 81, 82 (526 SE2d 60) (2000). The unambiguous provisions of § 10-20 provided Foster with notice that he was forbidden to have more than four dogs on his residential property unless and until he obtained a permit authorizing him to keep a larger number. However, nothing in the Ordinance establishes a standard by which the application for such a permit will be judged.

> Due process requires that any licensing scheme enacted pursuant to the police power "provide sufficient objective criteria to control the discretion of the governing authority and adequate notice to applicants of the criteria for issuance of a license." [Cit.]

*Goldrush II v. City of Marietta*, 267 Ga. 683, 693 (6) (482 SE2d 347) (1997). "Constitutional standards of due process do require that a governing body issuing licenses establish 'ascertainable standards . . . by which an applicant can intelligently seek to qualify. . . [.]' [Cit.]" *Levendis v. Cobb County*, 242 Ga. 592, 594 (1) (250 SE2d 460) (1978). Thus, to overcome a vagueness challenge, the Ordinance must be " 'drawn with sufficient specificity to apprise an applicant of common intelligence of the standards which he should anticipate the governing body will consider.' [Cits.]" *Dinsmore Dev. Co. v. Cherokee County*, 260 Ga. 727, 729 (1) (398 SE2d 539) (1991). See also *FSL Corp. v. Harrington*, 262 Ga. 725, 726 (425 SE2d 276) (1993). Construing the absence of any criteria in the Ordinance most strongly against the State, a reasonable person would assume, as Foster apparently did, that an applicant need not meet any ascertainable standards and that the licensing requirement was solely for the administrative purpose of establishing a registry of who in the county was keeping more than four dogs. This construction of the licensing requirement is reenforced by the application itself which, on its face, merely asks the applicant to list the reasons for seeking the permit, to acknowledge that the animals are owned personally and not maintained for business purposes and to grant the county animal control office and health department the authority to inspect the facility used to maintain the animals. As worded, the Ordinance requires a permit, but implies that the issuance thereof is automatic

upon completion of the application. Foster applied for the permit, which was denied for no reason specified in the statutory provision he is charged with violating. Under these circumstances, the State is constitutionally barred from seeking to prosecute Foster on the ground that he violated the Ordinance. "The absence of ascertainable standards leaves the granting or denying of permits to the uncontrolled discretion of the [Office], which is incompatible with the requirements of due process. [Cit.]" *Pel Asso, Inc. v. Joseph*, 262 Ga. 904, 909 (4) (427 SE2d 264) (1993).

2. Foster contends that the trial court erred in not issuing him the special permit. However, that is a civil matter which is outside the scope of this criminal case. To obtain the permit, Foster should have pursued an appeal from the Office's denial of his application. When he did not do so, the State initiated this criminal proceeding by citing him for a violation of § 10-20. The only issue in this case is the validity of his conviction for violating that enactment. For the reasons set forth in Division 1, the trial court erred in entering that judgment of conviction against Foster.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 19, 2001.

*Almand & Wiggins, Bond H. Almand, Samuel G. Alderman III*, for appellant.

*Alan R. Tawse, Jr., Solicitor-General, Arthur J. Creque, Assistant Solicitor-General*, for appellee.