S01A0952. CITY OF ATLANTA v. S.W.A.N. CONSULTING & SECURITY SERVICES, INC.
(553 SE2d 594)

CARLEY, Justice.

S.W.A.N. Consulting & Security Services, Inc. (SWAN) is a private detective and security agency, and is properly licensed pursuant to OCGA § 43-38-1 et seq., the "Georgia Private Detective and Security Agencies Act" (Act), and all applicable state regulations. As an independent contractor, SWAN provides security services at an adult entertainment establishment located in the City of Atlanta (City). In

---

1999, the City Council amended § 10-206 (a) of the municipal code to provide:

> No person shall perform job duties/functions of any type either directly as an employee or agent, or indirectly, as an independent contractor or other person, at an adult entertainment establishment . . . which is licensed for the sale of alcoholic beverages for consumption on the premises . . . until such person has been fingerprinted by the department of police and has been issued a permit by the department of police indicating such person is eligible to perform job duties/functions at the particular establishment at issue. This shall include all employees, independent contractors, agents, managers and performers and entertainers and any other persons who desire to perform and/or perform job duties/functions at an adult entertainment establishment licensed for the sale of alcoholic beverages for consumption on the premises. . . .

SWAN brought suit for injunctive and declaratory relief, asserting for a number of reasons that the amended ordinance was unconstitutional as applied to it. After conducting a hearing, the trial court held that, as applied to SWAN, the municipal enactment was an unconstitutional special law impliedly preempted by the comprehensive general Act. See generally *Jenkins v. Jones*, 209 Ga. 758, 763 (2) (75 SE2d 815) (1953). The City appeals from the trial court's order.

1. The City urges that SWAN lacks standing to challenge the constitutionality of the ordinance. It is undisputed, however, that enforcement of the local enactment against SWAN will impact its right to engage freely in those business activities currently authorized by the license issued to it under the Act. Therefore, SWAN has standing to assert that the ordinance is unconstitutional as applied to it. See *Harris v. Entertainment Systems*, 259 Ga. 701, 704 (2) (386 SE2d 140) (1989); *Craig v. City of Lilburn*, 226 Ga. 679 (177 SE2d 75) (1970).

2. "[N]o . . . special law shall be enacted in any case for which provision has been made by an existing general law. . . ." Art. III, Sec. VI, Par. IV (a) of the Ga. Const. of 1983. The City contends that, unlike the Act, its amended ordinance regulates only the sale of alcohol, not the private security industry. By its terms, however, § 10-206 (a) applies to "job duties/functions of any type . . . at an adult entertainment establishment . . . which is licensed for the sale of alcoholic beverages for consumption on the premises. . . ." The manifest intent of this otherwise unrestricted provision is the broad regulation of employment at certain adult establishments, and not the limited regulation of alcoholic beverages. Compare Art. III, Sec. VI,

Par. VII of the Ga. Const. of 1983. To the extent that SWAN seeks to perform security services at a designated establishment, it would be required to meet the conditions specified in the ordinance, including acquisition of a City-issued permit of eligibility to provide those services. However, this form of regulation by the City would be in addition to and duplicative of the regulatory provisions of the Act. OCGA § 43-38-6 sets forth in great detail the qualifications for those desiring to engage in the private security business in this state, and requires that a permit to provide those services be obtained from the Georgia Board of Private Detective and Security Agencies (Board). In addition, OCGA § 43-38-7 establishes the qualifications for employees of an agency like SWAN, and requires that they register with the Board.

"Generally preemption is based on legislative intent." *Franklin County v. Fieldale Farms Corp.*, 270 Ga. 272, 273 (1) (507 SE2d 460) (1998). Such intent "can be fairly implied from the sweeping language and broad scope" of a general act regulating an industry on a statewide basis. *Cotton States Mut. Ins. Co. v. DeKalb County*, 251 Ga. 309, 312 (2) (304 SE2d 386) (1983). Preemption of a local ordinance may be inferred generally from the comprehensive nature of a state statute and its implementing regulations. *Franklin County v. Fieldale Farms*, supra at 276 (4). The scope of the Act extends to "*[a]ny* individual, firm, association, company, partnership, limited liability company, or corporation desiring to engage in the private detective or private security business *in this state*. . . ." (Emphasis supplied.) OCGA § 43-38-6 (a). It does not exempt from its regulatory scheme those who engage in that business in adult entertainment establishments which serve alcohol and are located in Georgia municipalities. Compare OCGA § 3-3-2 (a); *Grovenstein v. Effingham County*, 262 Ga. 45, 47 (1) (414 SE2d 207) (1992). Insofar as preemption is concerned, the Act provides that it

shall not prevent the local authorities of any municipality or county, by ordinance and within the exercise of the police power of such municipality or county, from imposing local regulations upon any street patrol, special officer, or person furnishing street patrol service, including regulations requiring registration with an agency to be designated by such municipality or county.

OCGA § 43-38-14 (c). By expressly authorizing additional local regulation of the private detective and security business in that limited instance, the Act impliedly preempts the City's regulation of those services in its adult entertainment establishments. See *Franklin County v. Fieldale Farms*, supra at 277 (4); *City of Macon v. Walker*,

204 Ga. 810 (2) (51 SE2d 633) (1949).

Because the City sought to establish a duplicate regulatory system which was not authorized by the comprehensive general law applicable to those engaged in the private detective and security business, the trial court was correct in its limited holding that the Act preempts by implication the City's enforcement of § 10-206 (a) of the municipal code against SWAN. *Franklin County v. Fieldale Farms*, supra at 278 (4). Whether the ordinance is preempted as to the City's regulation of other services provided in adult entertainment establishments was not at issue here and, consequently, is unaffected by either the trial court's or our decision in this matter.

3. The City's remaining contentions are moot.

*Judgment affirmed. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I respectfully disagree with the majority's determination that the City of Atlanta's ordinance regulating employment at adult entertainment establishments serving alcohol is an unauthorized, unconstitutional, duplicate regulatory system that is preempted by general law pursuant to Art. III, Section VI, Paragraph IV (a) of the Georgia Constitution. Instead, I see the City's ordinance as an exercise of the authority constitutionally delegated by the State of Georgia to its counties and municipalities in Article III, Section VI, Paragraph VII of the 1983 Georgia Constitution. That constitutional provision, enacted in 1994, specifically authorizes local regulation of activities involving alcoholic beverages and the exhibition of nudity, and requires a local ordinance to be in **direct** conflict with general law in order for the general law to pre-empt the local ordinance. Since there is no evidence that the City's ordinance at issue directly conflicts with the general law enacted by the General Assembly regulating private security businesses (OCGA § 43-38-1 et seq.), the City's ordinance is not preempted by the general law. Therefore, I conclude that the trial court erred in using the standard of review that has developed under the Georgia Constitution's more general preemption clause and erred in ruling that the ordinance was unconstitutional because it was preempted by the statute. Cf. R. Perry Sentell, Jr., *The Georgia Supreme Court and Local Government Law: Two Sheets to the Wind,* 16 Ga. St. U. L. Rev. 361 (1999).

Article III, Section VI, Paragraph VII gives the State "full and complete authority to regulate alcoholic beverages and to regulate . . . activities involving alcoholic beverages." Id. It specifically delegates the State's regulatory authority to counties and municipalities "for the purpose of regulating . . . the exhibition of nudity, partial nudity, or depictions of nudity in connection with the sale or con-

sumption of alcoholic beverages. . . ." The constitutional provision expressly states that the "delegated regulatory authority may be exercised by the adoption and enforcement of regulatory ordinances by the counties and municipalities of this state[,]" and concludes with the statement that "[a] general law exercising such regulatory authority shall control over conflicting provisions of any local ordinance but shall not preempt any local ordinance provisions not in direct conflict with general law." Thus, Georgia counties and municipalities are constitutionally authorized to regulate activities involving nudity and the sale and consumption of alcohol, and the provisions of any such regulating local ordinance not in *direct* conflict with a general law exercising such regulatory authority are not preempted by general law.

The City's ordinance falls within the constitutionally-delegated power to regulate nudity and the sale and consumption of alcohol since it applies to persons who perform work at an establishment which has nude or semi-nude dancing or striptease performances and which has a license to sell alcoholic beverages for on-premises consumption. Sections 10-89 (a) and 10-206 (a) of the City of Atlanta Ordinances. Those employees of S.W.A.N. Consulting who provide security at such establishments are performing job duties/functions at the establishment and fall within the ambit of the City's ordinance. Because S.W.A.N. Consulting, as a private security business operating in Georgia, had to secure a state license under OCGA § 43-38-6 to operate, it contended that the requirements of the City's ordinance were preempted by the state law. In order to determine whether S.W.A.N. Consulting's assertion has merit, this Court should apply the standard of review provided by Article III, Section VI, Paragraph VII, the specific constitutional provision authorizing the City to enact an ordinance regulating activities involving nudity and the sale and consumption of alcohol, rather than the general preemption provision of the state constitution. Under the former, the question then becomes whether any provision of the City's ordinance directly conflicts with the statute so as to be preempted by the statute. Art. III, Sec. VI, Par. VII. A comparison of the provisions of the statute and the local ordinance establishes that they are not in direct conflict. Therefore, the City's ordinance is not preempted by the statute.

The statute requires those who wish to carry on a private security business to obtain a state-issued license to do so. OCGA § 43-38-6. The ordinance does not require the private security business to have a city-issued license. Rather, the ordinance requires that any **individual** who wishes to work at an adult entertainment establishment that serves alcohol must obtain a city-issued permit. The statute requires the licensed business to apply to register only those employees who will be armed, and gives the employer 30 days from the date

of the armed employee's employment to file the application to register. OCGA § 43-38-7 (b) (1). Unarmed employees of a private security business need not be registered. OCGA § 43-38-7.1 (a). The ordinance requires **all** people working at the adult entertainment establishments that serve alcohol to get a work permit, and requires that all persons have the permit before they begin their employment. Under the statutory scheme, the licensed security business submits fingerprints of its prospective registrants (i.e. its armed employees) to the Georgia Crime Information Center at the Georgia Bureau of Investigation (OCGA § 43-38-7.1), and the licensed business must retain the information sent to it by the GBI. OCGA § 43-38-7.1 (c). In contrast, the City's ordinance provides that before any person may work at an adult entertainment establishment serving alcohol, that person must be fingerprinted by the Atlanta police, undergo a "police record search" by the police, and be issued a permit by the police. Under the City's ordinance, S.W.A.N.'s employees assigned to adult entertainment establishments serving alcohol, regardless of whether they are to be armed or not, must be fingerprinted, checked and permitted before they begin working at the establishments; under the statute, only S.W.A.N. employees who are going to be armed must be fingerprinted for a criminal background check, the results of which are given to the employer rather than the licensing body; and there is no prohibition against the armed employee working while his/her application to register is being investigated.

The only direct conflict I perceive between the statute and the ordinance is one which would arise if the S.W.A.N. security personnel assigned to adult entertainment establishments serving alcohol were to be armed personnel who had state-issued permits and the City refused to honor the state-issued permit presented by such an employee the day he/she reported to work. As there is no evidence in the record that such a direct conflict exists, it is inappropriate to declare the City's ordinance unconstitutional and I respectfully dissent from the majority's contrary conclusion.

DECIDED OCTOBER 1, 2001.

*Susan P. Langford, Lisa S. Morchower, Chagay Weiss, Rajan Bhandari,* for appellant.

*Peevy & Lancaster, Gregory W. Lancaster,* for appellee.