S08A1604. GEORGIA PUBLIC SERVICE COMMISSION
et al. v. TURNAGE.
S08A1606. GEORGIA POWER COMPANY v. TURNAGE.
(669 SE2d 138)

CARLEY, Justice.

Jeff Turnage and two others filed a petition with the Georgia Public Service Commission (Commission), requesting that body to direct Georgia Power Company (Georgia Power) to halt the construction of an electrical substation near their residential properties. The Commission dismissed that petition for lack of jurisdiction, finding that the neighboring property owners did not show that, in this proceeding, the exercise of authority over the siting of a particular substation bears a rational relationship to the accomplishment of the purposes which the Commission was created to serve. The Commission further noted that, even if it

> were to determine that [it] possessed jurisdiction to prohibit Georgia Power from locating a substation at the [chosen] site, it is not clear what specific criteria [the Commission] would follow for taking such action. There are no Commission rules or prior decisions to guide any decision [it] might be called upon to make regarding the appropriateness of any particular site. . . . [T]he Commission has no regulations governing the siting of substations.

Turnage then filed a petition for judicial review and for a writ of mandamus against the Commission and its commissioners in their official capacities (PSC), requesting the trial court to require the PSC to accept jurisdiction, to establish rules for the siting of substations, and to schedule a substantive hearing to review the siting of the particular substation at issue. Georgia Power was allowed to intervene. The trial court denied the petition for judicial

review, finding that Turnage was not an "aggrieved person" under OCGA § 50-13-19 (a), because he merely alleged that his property is in the vicinity of the substation and he proffered no evidence of any specific damage unique to his property. In the same order, however, the trial court granted the mandamus petition, "refus[ing] to countenance the counterintuitive proposition that there is no agency with the authority to make zoning-like decisions or provide any governmental review with regard to the siting of substations" or other complex construction projects, and finding that *City of Buford v. Ga. Power Co.*, 276 Ga. 590 (581 SE2d 16) (2003) "expressly vests the PSC with that power and thus holds that the PSC has a clear public duty to hear [Turnage's] case." Accordingly, the trial court ordered the PSC to take jurisdiction of this matter, but stated that it did "not presume to instruct the [PSC] on what specific standards to apply when presiding over this case, other than to apply standards that would ensure a fair and meaningful conclusion of the issues involved." The PSC appeals from this order in Case No. S08A1604, and Georgia Power appeals in Case No. S08A1606.

1. The motion to dismiss this case as moot and vacate the trial court's order, which the PSC filed in this Court during the pendency of these appeals, is hereby denied.

2. Public utilities are generally granted a protected status with respect to zoning restrictions because of the greater public welfare which utilities serve and because

> their facilities must often be located in areas which would otherwise not be the most suitable from the standpoint of customary zoning criteria. . . . [E]lectric substations . . . must often be located in residential zones in order to properly provide service, even though they might tend to adversely affect property values or change the character of a neighborhood.

4 Edward H. Ziegler, Jr., *Rathkopf's The Law of Zoning and Planning* § 78:2 (2008).

Consistent with this reality, *City of Buford* held that a city ordinance establishing a moratorium on the construction of electric power substations within 500 feet of residentially zoned property is preempted by the broad statutory delegation to the PSC of the exclusive authority to regulate the business activity of Georgia Power. In support of its holding, this Court stated that preemption depends on the legislative intent in granting the power to regulate and "does not depend on whether the PSC has exercised the power it has been given[,]" and that plenary power to regulate utilities prevents any local restrictions unless a particular power is expressly

reserved to the municipality. *City of Buford v. Ga. Power Co.*, supra at 591 (3). The preemption of the moratorium on certain siting of substations was not based on a mere exclusion, either express or implied, of local regulation. Instead, that preemption was specifically based on the statutory powers granted to the PSC, which are enumerated in *City of Buford*. It necessarily follows that the powers granted to the PSC include the authority to regulate the placement of substations. Thus, the trial court correctly found that, under *City of Buford*, the PSC is vested with that power.

However, whether preemption results from a statutory delegation of authority is a separate question from whether the PSC has actually exercised the particular power it has been granted. *City of Buford v. Ga. Power Co.*, supra. As when *City of Buford* was decided, the PSC still "does not have rules and regulations governing the placement of substations . . . ." *City of Buford v. Ga. Power Co.*, supra. Therefore, the PSC clearly has not exercised its power to regulate the siting of substations.

The trial court recognized this fact but, without citing any authority, held that the PSC nevertheless is required to hear the case and to apply standards that would ensure a fair and meaningful resolution. Contrary to the rationale of the trial court, however, we have not found any requirement that every property or even every complex construction project be subject to zoning-like restrictions. The absence of any governmental regulation or review regarding the siting of substations is not counterintuitive, as the trial court calls it, when all zoning restrictions were unconstitutional until 80 years ago and many areas have had no such restrictions since that time, at least until fairly recently. 1 Daniel F. Hinkel, *Pindar's Ga. Real Estate Law and Procedure* § 3-4 (6th ed. 2004). See also *Davidson Mineral Properties v. Monroe County*, 257 Ga. 215 (357 SE2d 95) (1987). Indeed, the legislature has expressly recognized that a local government is not required to exercise its zoning power. OCGA § 36-66-2 (a). The truly "counterintuitive proposition" would be that the mere grant of a governmental power necessarily implies a duty to exercise that power. In this case, there is, at most, simply a power which may or may not be exercised.

This Court has held that, if a governing body has exercised its power and rejected a particular use of land by means of an invalid policy or ordinance, then a court may order that body to amend the ordinance or to adopt rules to guide its discretion. *Ga. Dept. of Transp. v. Peach Hill Properties*, 278 Ga. 198, 201 (2) (599 SE2d 167) (2004); *Cobb County v. Wilson*, 259 Ga. 685 (386 SE2d 128) (1989). In this case, however, the PSC has not rejected the use of Georgia Power's property for a substation and has never chosen to exercise its power to regulate the siting of substations. Moreover, the broad

statutory delegations of authority to the PSC, including those which are recited in *City of Buford*, omit any specific mention of siting and do not themselves provide sufficient objective standards to control the PSC's discretion and to give Georgia Power notice of the criteria for substation siting. See *Hixon v. Walker County*, 266 Ga. 641 (468 SE2d 744) (1996); *Davidson Mineral Properties v. Monroe County*, supra at 216-217 (1).

> While we are sympathetic with the [desire of the neighboring property owners] to control commercial development, the [PSC] was not authorized to prohibit [Georgia Power] from constructing a [substation] on the basis of . . . zoning [or similar regulations] not yet adopted. [Cit.]

*Davidson Mineral Properties v. Monroe County*, supra at 217 (2). See also *Dinsmore Dev. Co. v. Cherokee County*, 260 Ga. 727, 729 (1) (398 SE2d 539) (1991) (where ordinance gives an agency power to make a permit determination, but without any criteria, landowner is entitled to approval of the permit).

Accordingly, the trial court erred both in holding that the PSC has a clear public duty to hear the case and in ordering the PSC to select and apply specific standards to the case. Georgia Power "was entitled to proceed with the construction and operation of a [substation] as proposed and we need not reach [the] remaining enumerations of error." *Davidson Mineral Properties v. Monroe County*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 3, 2008.

*Thurbert E. Baker, Attorney General, Sidney R. Barrett, Jr., Senior Assistant Attorney General, Daniel S. Walsh, Assistant Attorney General, Troutman Sanders, William M. Droze, Robert P. Edwards, Jr.,* for appellants.

*Bondurant, Mixson & Elmore, Steven J. Rosenwasser, Christopher T. Giovinazzo,* for appellee.