S98A0819. CHU v. AUGUSTA-RICHMOND COUNTY et al.
(504 SE2d 693)

THOMPSON, Justice.

Myong Tul Chu appeals from the denial of her petition for writ of mandamus to require the Augusta-Richmond Commission ("Commission") to approve her application for a license for the off-premises retail sale of beer and wine, and rejecting her constitutional challenge to those portions of the Augusta-Richmond County Code which regulate the issuance of such licenses within the county. Finding no error, we affirm.

Chu applied to the Commission for a license to sell beer and wine at a convenience store to be located on Brown Road in Richmond County. For the previous nine years Chu had leased and operated another convenience store across the street from the proposed Brown Road location, where she held a valid license to sell beer and wine. Chu planned to close the first store and move the business to the new site which had been purchased and properly zoned. She was willing to terminate her old license as a contingency to approval of a new license.

Chu's application was considered during an August 1997 meeting of the Commission. Her representative was present at that meeting and answered questions posed by the commissioners. A resident of the community voiced objections to the license, asserting that the convenience store is to be located in close proximity to a new high school scheduled for construction in the next few months, an existing elementary school, as well as two churches. Although Chu's proposed

site satisfied the minimum distance requirements from these schools and churches as set out in § 6-2-64 (b), as well as certain specified threshold administrative criteria of the Augusta-Richmond County Code, the community representative expressed fears that the new site would become a "hangout" for neighborhood youth because of the proximity to the proposed new high school. He explained that the residential neighborhood is located between Highways 25 and 26, which are presently saturated with businesses that sell beer, wine and liquor. He expressed the desire of the neighborhood association to maintain the residential character of the community. It was further noted that a study conducted by the Planning Commission projects that traffic will increase 50 percent in the area due to the impact of the new high school. The Commission unanimously denied appellant's application, and stated on the minutes of the meeting that issuance of the alcohol license would have a negative impact on the community, especially in light of construction of the new high school.

The application was reconsidered at a subsequent hearing conducted by the Commission. On this occasion, the Commission heard from Chu's counsel, who again presented her request. A resident of the community opposed the application, citing the negative impact on the community and the presence of other businesses in the area licensed to sell alcoholic beverages. He was joined by 32 others in opposition to the license, and also offered a petition containing 579 signatures. The motion for reconsideration was unanimously denied.

The trial court rejected Chu's constitutional challenge to the county ordinance, concluding that although the ordinance vests the Commission with discretion in making licensing decisions, it provides specific ascertainable standards to control the exercise of that discretion and gives adequate notice to applicants of the licensing criteria. It further determined that the Commission did not apply the ordinance in an arbitrary and capricious manner, and did not abuse its discretion in denying Chu's application. Thus, the court concluded there was no gross abuse of discretion, and no clear legal right to the writ of mandamus. This appeal followed.

1. Chu submits that the Commission failed to comply with due process requirements in denying her license application.

Under OCGA § 3-3-2 (a), a county or incorporated municipality of this state is given discretionary powers as to the granting or refusal of licenses or permits for the sale of alcoholic beverages, but that discretion must comply with the guidelines of due process, as set forth in OCGA § 3-3-2 (b) (1) through (3). Specifically, a county must establish "ascertainable standards in the local licensing ordinance upon which all decisions pertaining to these permits or licenses shall

be based." OCGA § 3-3-2 (b) (1).[1]

The Augusta-Richmond County Code, adopted March 18, 1997, governs the issuance of a license to sell alcoholic beverages in the county. The standards for the exercise of discretion by the Commission in approving or denying such licenses are contained in several of its provisions. Section 6-2-64 (f) provides as follows:

> [T]he Augusta-Richmond County Commission may, in its discretion, issue or deny any license when there is evidence that the type and number of schools, churches, libraries or public recreation areas in the vicinity of the place of business of the licensee causes minors to frequent the immediate area, even though there is compliance with the minimum distances as provided herein.

Additional objective standards governing the exercise of the Commission's discretion are contained in § 6-2-65, which provides:

> (a) In determining whether or not any license applied for hereunder shall be granted, renewed, transferred or issued to a new location, in addition to all the provisions of this Ordinance, the following shall be considered in the public interest and welfare. . . .
>
> (4) Location. The location for which the license is sought, as to traffic congestion, general character of neighborhood, and the effect such an establishment would have on the adjacent and surrounding property values.
>
> (5) Number of licenses in trading area. The number of licenses already granted for similar business in the trading area of the place for which the license is sought. . . .
>
> (9) Congregation of minors. Any circumstances which may cause minors to congregate in the vicinity of the proposed location, even if the location meets the distance requirements under § 6-2-63 (b) herein.

Chu asserts that the ordinance vests the Commission with unbridled discretion and fails to meet due process standards under *Arras v. Herrin*, 255 Ga. 11, 12 (334 SE2d 677) (1985). In *Arras*, we reviewed a county code which provided that the local governing

---

[1] OCGA § 3-3-2 (b) (2) requires that the decision of the governing authority must be in writing, with the reasons therefor stated. OCGA § 3-3-2 (b) (3) permits an applicant aggrieved by an adverse decision to be heard and present evidence.

authority have "full and sole authority, in its absolute discretion," to determine whether an applicant for an alcoholic beverage license is fit to operate the business, and whether the location is "proper and to the best welfare and in the best interests" of the county. In addition, the ordinance specified that the "Board's determination of these requirements shall be final." Finding that the ordinance contained no standard to control the discretion of the Board, we held that it unconstitutionally vested the local governing authority with absolute discretion in its licensing decisions and thereby denied due process of law.

Unlike *Arras*, the Augusta-Richmond County ordinance set forth " 'sufficient objective standards to control the discretion of the governing authority and adequate notice to applicants of the criteria for issuance of a license.' " Id. at 12. The Commissioners relied on the specific, ascertainable criteria contained in §§ 6-2-64 (f); 6-2-65 (a) (4), (5), and (9) of the county ordinance, and articulated those standards on the minutes of the meetings in which Chu's application and request for reconsideration were denied.

2. We are not persuaded by Chu's argument that she was denied equal protection of the law because she was in essence exchanging her existing license for a new license to operate across the street.[2] Each licensing request is unique and must be considered individually, based on factors present at the time, and the application of those factors to the standards set forth in the ordinance. Even assuming arguendo that factors such as saturation and proximity to existing schools and churches remained as it was nine years earlier when Chu's initial license was approved, it was shown that construction of the new high school would greatly impact on traffic in the area, see § 6-2-65 (a) (4), and would likely be a circumstance which may cause minors to congregate in the vicinity of the proposed location, see §§ 6-2-64 (f) and 6-2-65 (a) (9).

3. We hold that the Augusta-Richmond County ordinance provides an applicant with adequate notice of the criteria that will be applied in consideration of an application for an alcohol license, and that the Commission in this case exercised its discretion within those plain, ascertainable standards. Accordingly, the superior court correctly determined that the ordinance in question is constitutional and that its application in this case was not arbitrary or capricious and was not in violation of appellant's due process or equal protection rights. It follows that the writ of mandamus does not lie. See gener-

---

[2] The parties acknowledge that the application is for a *new* license, rather than a transfer of the existing license.

ally *Carnes v. Charlock Investments*, 258 Ga. 771 (373 SE2d 742) (1988).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*Christopher G. Nicholson,* for appellant.
*Burnside, Wall, Daniel, Ellison & Revell, James B. Wall, Lori S. D'Alessio,* for appellees.