S99A1152. DICKERSON v. AUGUSTA-RICHMOND COUNTY COMMISSION.
(523 SE2d 310)

THOMPSON, Justice.

Dickerson purchased a convenience store in Richmond County, Georgia, in August of 1998. Prior to the purchase, and for the previous 30 years, the store had been operated with a retail off-premises beer and wine license. When Dickerson applied for a new license in her name, her application was approved by the Augusta-Richmond County License and Inspection Office, the Sheriff's Department, and the Alcohol and Beverage Sub-Committee of the Augusta-Richmond County Commission. Then the Augusta-Richmond County Commission took up the matter.

At a hearing, various individuals spoke against the issuance of the license. They pointed out that several churches, a playground and family recreation center, and a senior citizens center were in close proximity to the convenience store. They also noted an increase in neighborhood traffic and minors loitering near the store. One individual observed that there had been a decline in neighborhood property values and that the police had located a substation in the area to deal with a rise in the crime rate.

The Commission denied the application by a vote of 8-1. It reasoned that the character of the neighborhood would be affected adversely if the application were granted. More particularly, the

Commission was concerned that, because the store was close to recreational facilities, there would be an increase in the number of minors who congregate at the store.

Dickerson filed suit seeking a writ of mandamus. The superior court denied the petition and Dickerson appealed. We affirm.

1. "Mandamus is an extraordinary remedy used to compel the performance of an official duty. OCGA § 9-6-20. However, it will not issue to compel a public official to do a discretionary act unless the official has grossly abused such discretion. [Cit.]" *Vargas v. Morris*, 266 Ga. 141 (1) (465 SE2d 275) (1996). We find no abuse of discretion in this case.

The Commission's decision was based on specific, objective criteria set forth in the Augusta-Richmond County Code.[1] See *Chu v. Augusta-Richmond County*, 269 Ga. 822 (1) (504 SE2d 693) (1998), in which we recently upheld the provisions of the Augusta-Richmond County Code governing the issuance of a license to sell alcoholic beverages. It follows that the decision to deny Dickerson's application was not arbitrary or capricious, and that, therefore, a writ of mandamus will not lie. Id.

2. The mere fact that the convenience store had been granted a license for the past 30 years is of no consequence. As we pointed out in *Chu*: "Each licensing request is unique and must be considered individually, based on factors present at the time, and the application of those factors to the standards set forth in the ordinance." Id. at 825.

3. Dickerson's assertion that the Commission's decision was based on "hearsay" was not raised below and will not be considered on appeal. *Thomas v. American Global Ins. Co.*, 229 Ga. App. 107, 110 (493 SE2d 12) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*Samuel F. McGuire,* for appellant.
*Burnside, Wall, Daniel, Ellison & Revell, James B. Wall, Lori S. D'Alessio, Lee H. Little,* for appellee.

---

[1] See Section 6-2-64 (f) of the Augusta-Richmond County Code, which provides: [T]he Augusta-Richmond County Commission may, in its discretion, issue or deny any license where there is evidence that the type and number of schools, churches, libraries or public recreation areas in the vicinity of the place of business of the licensee causes minors to frequent the immediate area, even though there is compliance with the minimum distances as provided herein.