S00A0683. RICHARDSON v. RICHMOND COUNTY et al.

(531 SE2d 701)

HUNSTEIN, Justice.

Richardson applied for a license for the off-premise retail sale of beer and wine at a convenience store Richardson proposed to build on Waynesboro Road in Richmond County. The site for the store[1] is less than one mile from a high school and approximately two-tenths of a mile from an elementary school. Although Richardson's application received a recommendation of approval from the Augusta-Richmond County Commission's public services committee, the Commission denied the application after hearing from local residents who expressed concerns about the store's proximity to schools, minors frequenting the store, increased traffic, and damage to the residential character of the neighborhood. The Commission denied the application relying upon the provisions set forth in § 6-2-65 (a) (4), (5), and (9) of the Augusta-Richmond County Code. After the Commission effectively denied Richardson's motion for reconsideration, he petitioned the superior court for a writ of mandamus. The superior court ruled in favor of the Commission and Richardson appealed to this Court. Finding no error, we affirm.

1. Although Richardson contends that the standards articulated in § 6-2-65 (a) (5) and (9) of the Augusta-Richmond County Code are unconstitutionally vague,[2] this Court has previously considered the challenged language and held that these provisions constitute "sufficient objective standards to control the discretion of the governing authority and adequate notice to applicants of the criteria for issuance of a license." (Citation and punctuation omitted.) *Chu v. Augusta-Richmond County*, 269 Ga. 822, 825 (1) (504 SE2d 693) (1998). Accordingly, we find no merit in these contentions.

2. The Commission's decision was based on specific, objective criteria set forth in the Augusta-Richmond County Code. Because the Commission's denial of Richardson's application was not arbitrary or capricious and thus did not constitute an abuse of discretion, the superior court did not err by denying Richardson's petition for a writ

---

[1] The location is zoned B-1 (business), which permits Richardson to build the store and sell products other than alcohol without further action by the local governing authority.

[2] The language of the ordinance is set forth in *Chu v. Augusta-Richmond County*, 269 Ga. 822, 824 (1) (504 SE2d 693) (1998).

of mandamus. See *Dickerson v. Augusta-Richmond County Commission*, 271 Ga. 612 (1) (523 SE2d 310) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 2000.

*Johnston, Wilkin & Williams, Wendell E. Johnston, Jr., William J. Williams*, for appellant.

*Burnside, Wall, Daniel, Ellison & Revell, James B. Wall, Lee H. Little*, for appellees.