S03A1321. AUGUSTA-RICHMOND COUNTY et al. v. LEE.
(592 SE2d 71)

FLETCHER, Chief Justice.

After the Augusta-Richmond County Commission denied Chong Suk Lee's application for a retail package license to sell beer and wine at her convenience store in Augusta, Lee petitioned the Richmond County Superior Court for a writ of mandamus to compel issuance of the license. The trial court granted the writ, and the County appeals. Because the Commission considered the specific criteria of the County Code in making its decision, and because there was sufficient evidence to support that decision, we reverse.

1. We initially dismissed the County's direct appeal because its underlying subject matter is appropriate for a discretionary appeal, despite the fact that generally an order granting mandamus relief can be directly appealed under OCGA § 5-6-34 (a) (6).[1] We granted the County's motion for reconsideration,[2] however, because we have previously accepted direct appeals involving the County and the same ordinance in three almost identical cases.[3] In accordance with our holding in *Ferguson v. Composite State Board of Medical Examin-*

---

[1] *Augusta-Richmond County v. Lee,* Case No. S03A1321 (June 9, 2003).

[2] *Augusta-Richmond County v. Lee,* Case No. S03A1321 (July 14, 2003).

[3] *Richardson v. Richmond County,* 272 Ga. 443 (531 SE2d 701) (2000); *Dickerson v. Augusta-Richmond County Commission,* 271 Ga. 612 (523 SE2d 310) (1999); *Chu v. Augusta-Richmond County,* 269 Ga. 822 (504 SE2d 693) (1998).

ers[4] that the underlying subject matter prevails over the relief sought when both the direct and discretionary appeal statutes are implicated, we hold that in the future such appeals must be brought under the discretionary appeals statute, OCGA § 5-6-35.

2. Lee's application for a retail package license was denied after a hearing and then an appeal before the Augusta-Richmond County Commission. In order for a writ of mandamus to be properly issued, the Commission's decision must have been arbitrary and capricious and not based on specific, objective criteria contained in the Augusta-Richmond County Code.[5] County Code Sections 6-2-64 (f) and 6-2-65 (a) (4), (5), and (9) allow the Commission to consider the effect on the character of the neighborhood and surrounding property values, the number of alcohol licenses in the area, and whether minors may congregate in the area when determining whether to grant a retail package license.[6]

During the hearing on Lee's application, a County Commissioner opined as to the stigma attached to Lee's store location due to the reputation of previous establishments, stated that there were already a number of stores in the area selling alcohol, and noted the proximity of Lee's store to an elementary school, high school, and several churches. At Lee's appeal before the Commission, a certified plat of the area showing the precise locations of these stores, schools, and churches was considered by the Commission. We conclude that the Commission considered the specific, objective criteria of the County Code in making its decision to deny the application, and that there was sufficient evidence to support that decision. Therefore, the Commission's decision was neither arbitrary nor capricious and the trial court erred in granting mandamus relief.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*Burnside, Wall, Daniel, Ellison & Revell, James B. Wall, Mark B. Williamson*, for appellants.

*Johnston, Wilkin & Williams, Wendell E. Johnston, Jr., William J. Williams*, for appellee.

---

[4] 275 Ga. 255, 256-257 (564 SE2d 715) (2002); see also *Rebich v. Miles*, 264 Ga. 467, 468-469 (448 SE2d 192) (1994).

[5] *Dickerson*, 271 Ga. at 613.

[6] The language of the ordinance is set forth in *Chu*, 269 Ga. at 824.