**THIRD DIVISION
ELLINGTON, P. J.,
BETHEL AND GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 20, 2018**

# In the Court of Appeals of Georgia

A18A0674. IN RE SHAREE BAPS CORP.

BETHEL, Judge.

Sharee Baps Corporation appeals from the superior court's order affirming the Gordon County Board of Commissioner's denial of its application for a license to sell malt beverages. Sharee Baps contends that the superior court erred in (1) finding there was any evidence upon which the Board could exercise its discretion to deny the license; (2) interpreting Secs. 7-111 (5) and 7-117 (a) as predominating over Sec. 7-117 (f), thereby allowing the exercise of discretion to deny the license; (3) finding that the Board denied the license for reasons other than the Board's interpretation of Sec. 7-117 (f); and (4) failing to grant Sharee Baps's license. The controlling question in this appeal is whether the Board properly interpreted and applied the county's own

ordinances governing the issuance of the license in question. For the reasons explained in this opinion, we reverse and remand this case with direction.

On appeal, the question of whether the superior court properly construed a county ordinance is one of law, and our review is de novo. *See SDS Real Prop. Holdings, LTD. v. City of Brookhaven*, 341 Ga. App. 862, 862 (802 SE2d 100) (2017); *see also Expedia, Inc. v. City of Columbus*, 285 Ga. 684, 689 (4) (681 SE2d 122) (2009) ("The interpretation of statutes and ordinances is a question of law, which we review de novo on appeal." (citations omitted)).

The relevant facts of this case are undisputed. Sharee Baps applied with the Board for a license to sell malt beverages at its convenience store located in unincorporated Gordon County. The store is located at an intersection and is situated diagonally across the intersection from property owned by the Gordon County Board of Education.[1] At its closest point, the lot line for the school property is 200 feet from the lot line of the store property, and is 322 feet from the store building. The store's building is 1,585 feet from the elementary school's gymnasium (the closest structure on the school property). The store's building is located approximately 1,800 feet from

---

[1] Elementary and middle schools are located on a single contiguous campus comprised of approximately sixty-one acres including parking lots, recreational buildings, and a sports field.

the main administrative and classroom building of an elementary school, and about 2,000 feet from the main administrative and classroom building of the adjacent middle school.

*Applicable Ordinances*

The standards for issuance of alcoholic beverages licenses are set forth in the Gordon County Code of Ordinances. The distance requirements applicable to prospective alcohol licensees are set forth in Sec. 7-117 (f). Sec. 7-117 (f) provides:

> No license shall issue for a location where the nearest point of the main structure of the business is located within one thousand (1,000) feet of the nearest point of the main structure of any school . . . as measured in a straight line between the closest points of the two (2) structures.

Section 7-117 (f) then goes on to define the words "school" and "church," stating:

> As used in this section, a school shall mean any instructional premises including, but not limited to, main school buildings auditoriums, gymnasiums, shops laboratories, temporary mobile classrooms, outdoor classrooms, and recreational facilities, such as playgrounds, ball fields, and similarly used areas. . . . As used in this section, the word "school" . . . shall also mean the campus or grounds surrounding the school . . . which constitute a part of the school . . . propert[y]. The word "school" . . . shall also mean any real property which has been purchased by a school . . . at the time of the application for an alcoholic beverage license and said property is to be used for a school [.]

Notably, there does not appear to be any definition of "main structure" in the Gordon County Code.

3

When considering an application for a license, in addition to the other provisions of this article, the following shall be considered in the public interest and welfare:

> (1) The applicant's reputation, character, and mental capacity to conduct this business, personal associations, record of arrest or reputation in any community in which he or she has resided, and whether applicant is likely to maintain the operation for the business for which he or she is seeking a license in conformity with federal, state or local laws.
>
> . . .
>
> (5) The board of commissioners shall also give consideration to such other factors as may affect the health and general welfare of the unincorporated areas of Gordon County, to include the type of license applied for, the effect of that license will have on schools, public parks, and churches in the area, the effect of granting of the license will have on existing land uses in the area, the effect the granting of the license will have on existing land uses in the area, the character of the area and its peculiar suitability for the particular use sought, and the congestion of roads and streets. These items shall receive reasonable consideration with a general view of promoting desirable living conditions, and sustaining the stability of neighborhood property values.

Sec. 7-111. Further, "[n]o license shall be issued for a location not suitable in the judgment and discretion of the commission because of traffic congestion, general character of the neighborhood, or because of the effect such an establishment would have on adjacent and surrounding properties and neighborhoods." Sec. 7-117 (a).

*Public Hearing*

4

After completing and passing all public safety departmental reviews, the Board held a public hearing to consider Sharee Baps' application for licensure. During the hearing, a member of the Gordon County Board of Education and resident of the county, Bobby Hall, spoke in opposition to the application.[2] Mr. Hall stated that the schools had a combined total enrollment of about 1,300 children and those children use the ball fields and facilities for recreation. He further stated that the school campus is posted as "Alcohol and Tobacco Free" and expressed concerns that the presence of alcohol in the store would negatively influence children.[3] Mr. Hall noted that many parents pick up and drop off students every day. He suggested that sometimes students sneak off of campus during the school day and that adults might purchase alcohol for students from the convenience store.

In rebuttal, Sharee Baps asserted that it met the main-structure-to-main-structure distance requirements of Sec. 7-117 (f) and the fact that the store was merely located in the same neighborhood as a school should not matter absent some specific showing of risk or harm. Sharee Baps also noted that the concerns expressed by Mr.

---

[2] The record does not indicate that Mr. Hall was speaking on behalf of the Board of Education.

[3] The record reflects the store is already licensed to sell, and does sell, tobacco products.

Hall required independent criminal acts and that the mere possibility of those acts occurring should not be held against Sharee Baps' business. Moreover, Sharee Baps argued that it currently holds a license to sell tobacco products and has never sold tobacco to an underage person, thus demonstrating that there was no evidence to suggest that the store would violate any law regulating alcohol sales.

Shortly thereafter, the Board voted to deny Sharee Baps' application. In a letter sent to Sharee Baps, the Board explained its denial stating:

> The [B]oard considered the application, public comments, and relevant provisions of the Gordon County Code of Ordinances including, but not limited to, [Sec.] 7-111 (5) and [Sec.] 7-117 (a) and (f). The Board heard evidence of the negative impact the proposed license would have on schools in the area. In addition, the application reveals that the proposed location of the applicant's property is 200 feet from school property (at its closest point). The Board of Commissioners denied the application because of the closeness or proximity of the proposed location to the property, ball fields and facilities of the Gordon County School District.

Sharee Baps then sought a writ of certiorari to the superior court, which issued the writ. At the hearing,[4] Sharee Baps argued that the Board's reason for denial was based on an incorrect interpretation of the ordinance, as Sec. 7-117 (f) set forth a main-structure-to-main-structure minimum distance, which would allow for Sharee Baps to sell alcohol at its store. The superior court disagreed and affirmed the Board's

---

[4] The superior court hearing was not transcribed.

6

decision, finding the Board was exercising its sound discretion when it denied Sharee Baps's application. Sharee Baps then filed an application for discretionary appeal which we granted. This appeal followed.

Sharee Baps argues that there was no evidence presented upon which the Board could exercise its discretion to deny the license under Sec. 7-117 (f). We agree.

As our Supreme Court has noted,

> Absolute and uncontrolled discretion by governing authorities to issue licenses invites abuse, and exercise of discretion by states and local governments must be tempered with ascertainable standards by which an applicant can intelligently seek to qualify for a license. Thus, in Georgia a liquor licensing ordinance must provide sufficient standards to control the discretion of the governing authority and adequate notice to applicants of the criteria for issuance of a license.

*Arras v. Herrin*, 255 Ga. 11, 12 (334 SE2d 677) (1985) (citations and punctuation omitted).

Here, the ordinance in question contains an objective standard regarding the location of the business where the license is to be exercised. *See* Sec. 7-117 (f) ("No license shall issue for a location where the nearest point of the main structure of the business is located within one thousand (1,000) feet of the nearest point of the main structure of any school."). It is undisputed that Sharee Baps met the main-structure-

7

to-main-structure distance requirement, as the structure of the store is located approximately 1,800 feet from the nearest main school structure. However, as indicated by its letter, the Board's stated reason for the denial of the license application was the "closeness or proximity" of the store to the ball fields and facilities of the school.[5] Thus, the Board could not have based its denial of a license to sell malt beverages to Sharee Baps based on this provision of the county ordinance.

Notwithstanding the above, as indicated by its letter, the Board also considered Secs. 7-111 (5) and 7-117 (a) in denying the license application based on the "closeness or proximity of the proposed location to the property, ball fields and facilities" of the school. As both these provisions permit the Board to consider the effect issuance of the license would have on schools and/or adjacent surrounding properties, the Board heard testimony from Mr. Hall to that end. Mr. Hall testified that he had some generalized concerns with respect to the possible impact he believed

---

[5] While the term "school" as defined by the ordinance includes "recreational facilities, such as playgrounds, ball fields, and similarly used areas" we find no basis in interpreting the term "ball field" to equate to a "main structure" so as to preclude licensure under Sec. 7-117 (f). *See Expedia, Inc. v. City of Columbus*, 285 Ga. 684, 689 (4) (681 SE2d 122) (2009) ("A statute must be construed to give sensible and intelligent effect to all of its provisions and to refrain from any interpretation which renders any part of the statute meaningless. Words found in statutes are to be given their plain and ordinary meaning and statutes that are in pari materia to each other must be construed together." (citations and punctuation omitted)).

8

the sale of alcohol would have on children attending the school near Sharee Baps' store. Mr. Hall expressed concern that students could sneak off campus and convince an adult to purchase alcohol on their behalf from the store.

This subjective concern was not substantiated by any evidence, such as an instance of other underage sales of tobacco at this location. This is also not a case where evidence of increased traffic patterns, criminal activity in the vicinity, or some other factor was present with the relative proximity. The ordinance requires more than a mere subjective concern and requires that the evidence not merely be in regard to proximity *alone*. *See Young Men's Christian Ass'n v. Bailey*, 112 Ga. App. 684, 704 (146 SE2d 324) (1965) ("[f]indings of fact based on mere conjecture cannot be upheld" because "mere conjecture does not constitute evidence upon which findings may be based."). *Compare Augusta-Richmond Cty. v. Lee*, 277 Ga. 483, 483-484 (2) (592 SE2d 71) (2004) (commission considered evidence regarding the number of other stores selling alcohol in the area *and* the proximity of schools and churches in the area indicating that minors congregated in the area and the reputation of the property with respect to its affect on the character of the neighborhood). "[W]hen an applicant for such a license has met the prescribed standards for obtaining it, a refusal

9

by the municipal authorities to issue the license constitutes a denial of equal protection." *Atlanta v. Hill*, 238 Ga. 413, 414-415 (233 SE2d 193) (1977).

Therefore, the superior court erred in ruling that sufficient evidence existed to support the Board's denial of Sharee Baps' license to sell malt beverages. Accordingly, we reverse and remand this case to the superior court with direction to issue a mandamus to the Board to grant the license application to Sharee Baps. *See Fulton Cty. v. Bartenfeld*, 257 Ga. 766, 770 (4) (363 SE2d 555) (1988) (where an applicant complied with all objective conditions and prerequisites set out in the local ordinance for obtaining issuance of the permit, and commissioners' denial constituted an act of discretion which lacked articulable, objective ground of support, applicant had clear legal right to issuance of the permit and was entitled to issuance of the writ commanding grant of the application by the local authorities.)*; accord Bozik v. Cobb Cty.*, 240 Ga. 537, 537 (242 SE2d 48) (1978).

*Judgment reversed and case remanded with direction. Ellington, P. J., and Gobeil, J., concur*.